THE STATE v. MARTIN, *Plaintiff in Error*.

1. **Burglary and Larceny**: AUTREFOIS CONVICT. Burglary and larceny, committed at the same time, are distinct offenses. A conviction of one is not a bar to a prosecution for the other.

2. **Degrees of Crime**: DISTINCT OFFENSES: STATUTE. Revised Statutes, section 1653, which provides "that if upon the trial of any person for any misdemeanor, it shall appear that the facts given in evidence, amount in law to a felony, such person by reason thereof shall not be entitled to be acquitted for such misdemeanor, and no person tried for such misdemeanor shall be liable afterward to be prosecuted for felony on the same facts unless the court shall think fit in its discretion to discharge the jury from giving any verdict upon such trial and to direct such person to be indicted for a felony, in which case such person may be dealt with in all respects as if he had not been put upon his trial for such misdemeanor," relates only to offenses of which there are several degrees or grades, and not to an independent offense which may be disclosed by the evidence at the trial.

*Error to Jackson Criminal Court.*—HON. HENRY P. WHITE, Judge.

AFFIRMED.

*M. Campbell* for plaintiff in error.

*D. H. McIntyre*, Attorney General, for the State.

Burgiary and larceny are, at common law, and under the statute, distinct offenses. The conviction of petit larceny was no bar to a subsequent prosecution for a burglary committed at the time of the larceny. *Wilson v. State*, 24 Conn. 57. Evidence necessary to convict of the charge of petit larceny would not sustain the charge of burglary, of which defendant was convicted, and the plea of *autrefois convict* is not a good plea in bar. *State v. Warner*, 14 Ind. 572, and note. Section 1301, Revised Statutes, provides that burglary and larceny may be charged in one count, or in separate counts of the same indictment. But it provides a separate and additional penalty for the larceny, going to show that they are distinct offenses, and not merely an aggravated burglary. *State v. Barker*, 64 Mo. 282; *State v. Alexander*, 56 Mo. 131; *State v. Bruffey*, 75 Mo. 389. A plea in bar is bad if the offenses charged in the two indictments be perfectly distinct in point of law, however closely connected in fact. *Comm. v. Ruby*, 12 Pick. 496. Section 1653, Revised Statutes, has no application to the case. It is intended to apply to offenses consisting of different degrees, and not to evidence of an independent offense necessarily brought out in the trial of that charged.

NORTON, J.—The defendant was indicted at the November term, 1881, in the Jackson county criminal court for burglary and larceny. The indictment contained but one count, which charged the commission of both burglary and larceny.

The defendant, in addition to his plea of not guilty, also put in a special plea in bar averring therein that on 1. BURGLARY AND LARCENY: autrefois convict. the 17th day of October, 1881, J. W. Childs, a justice of the peace within and for said county, issued his warrant for the arrest of defendant on a charge preferred for petit larceny; that he was arrested by virtue of said warrant, was tried and convicted of petit larceny of the same goods and chattels which he is charged with stealing in the said count of said indictment; that

on the trial before said Childs all the facts of the transaction on which the indictment is founded, were brought out in evidence, but that said Childs nevertheless proceeded to try defendant for petit larceny, of which he was convicted and punishment assessed.

Upon the trial of the cause defendant was convicted of burglary, and his punishment assessed at five years' imprisonment in the penitentiary, the court having in effect instructed the jury that under the defendant's plea of *autrefois convict* they could not find defendant guilty of the larceny charged but might find him guilty of the burglary if they believed from the evidence that he committed it. From the judgment rendered defendant has prosecuted his writ of error, and the sole question presented by the record is whether the conviction of the defendant of petit larceny, as set forth in his special plea, was a bar to a subsequent prosecution for the burglary?

The solution of this question depends upon the fact as to whether the indictment charges but one or two distinct and separate offenses. If the larceny charged, is law, in so combined with the burglary as to make the charge simply an aggravated burglary, the plea relied upon is an effectual bar to the prosecution. But if the said burglary and larceny are each distinct offenses, the plea, while good as to the larceny, is bad as to the burglary, as the plea of *autrefois convict* must allege and the proof must show that the offense for which the defendant was convicted is the offense alleged in the indictment. 62 Mo. 592. That the burglary and larceny alleged to have been committed by defendant are separate offenses, has been decided by this court, in the case of *State v. Alexander*, 56 Mo. 131, where defendant was in the same count charged with burglary in the first degree and also with larceny. He was convicted of burglary in the second degree and also of larceny. The judgment was affirmed as to larceny but reversed as to the burglary on the sole ground that defendant was convicted of burglary in the second degree,

while the indictment charged burglary in the first degree. They were thus treated as separate offenses. So in the case of the *State v. Barker*, 64 Mo. 283, where the indictment contained one count charging defendant with burglary and larceny, it was held that the court properly instructed the jury that they might find defendant guilty of the larceny and acquit him of the burglary. It necessarily follows from the ruling in said cases, that the two offenses are distinct, for if they constituted but one offense, an acquittal of the burglary would also be an acquittal of the larceny, and *vice versa*.

This conclusion is not, however, left to logical deduction, as in the case of *State v. Bruffey*, 75 Mo. 389, it was expressly held that " Burglary and larceny are two distinct and independent offenses. The Revised Statutes, section 1301, permits a prosecution for both in the same count, or in separate counts, but nowhere intimates that the two may be regarded as one offense. On the contrary, provision is made in the same section for a separate assessment of punishment for each of the two crimes." The case last cited and that in 62 Mo. 592, fully sustain the action of the trial court in holding that the plea in bar, while good as to larceny, was bad as to the burglary.

In the case of *Wilson v. State*, 24 Conn. 57, after an exhaustive examination of the question, it was held that the conviction of a person for petit larceny committed at the same time a burglary was committed, was not a bar to a subsequent prosecution for the burglary. And in case of *Comm. v. Ruby*, 12 Pick. 496, it was held that a plea in bar is bad if the offenses charged in the two indictments be perfectly distinct in point of law, however closely they may be connected in point of fact.

It is claimed by counsel that the plea in bar was effectual as to both offenses under section 1653, Revised Statutes, which provides, " that if upon the trial of any person for any misdemeanor it shall appear that the facts given in evidence, amount in law to a

2 DEGREES OF CRIME: distinct offense: statute.

felony, such person by reason thereof shall not be entitled to be acquitted of such misdemeanor; and no person tried for such misdemeanor shall be liable afterward to be prosecuted for felony on the same facts, unless the court shall think fit in its discretion to discharge the jury from giving any verdict upon such trial, and to direct such person to be indicted for a felony, in which case such person may be dealt with in all respects as if he had not been put upon his trial for such misdemeanor."

This section has no reference to an independent offense which may be disclosed by the evidence relating to the misdemeanor charged, and for which a party is on trial, but has application to that class of offenses, of which there are different degrees or grades, and of which grades or degrees the misdemeanor charged is one. The present case affords an illustration of its meaning. There are two grades of larceny, one grand and the other petit larceny, one a felony and the other a misdemeanor. Defendant was tried by the justice on a charge of petit larceny, the evidence adduced in support of the charge showed that the larceny being committed at the same time a burglary was committed, was grand larceny, and, therefore, a felony. The justice might, under the statute, have discharged the jury and bound the defendant over to answer an indictment to be preferred for the higher offense. This he did not do, but tried and sentenced him for the misdemeanor, and thereby exempted him from further prosecution for the higher grade of larceny charged by the indictment. Judgment affirmed, all concurring.