## The State v. Hutchinson, *Appellant.*

### Division Two, July 1, 1892.

1. **Criminal Law**: BURGLARY OF DWELLING: INDICTMENT. The statute (Revised Statutes, 1889, sec. 3520) makes no distinction between a burglary of a dwelling-house by day or at night, and there is no reason, as at common law, to charge in the indictment the hour at which the offense was committed.

2. ———: PLEADING. It is not necessary in any indictment to specify the time at which an offense was committed, where time is not of the essence of the offense. (Revised Statutes, 1889, sec. 4115.)

3. ———: BURGLARY: DWELLING-HOUSE. A room in which a burglary was committed, included under the same roof with the room occupied by the family and connected with the family room by a porch on each side, is, under the statute, a part of the dwelling-house, although separated from the family room ¡by an open passage way and having no internal connection with it, and used only as a a storage room.

4. ———: PRACTICE: VARIANCE. A variance between the name of the owner of property as alleged in an indictment and proved on the trial is no ground for an acquittal of the defendant, unless the trial court finds such variance material to the merits of ¡the case and prejudicial to the defense of the defendant.

5. ———: ———: ———. The objection upon the ground of such variance should, in the first instance, have been made in the trial court.

6. ———: ———: ———: BURGLARY. The gist of the offense of burglary consists in breaking and entering the house with intent to steal, and it is immaterial, if, upon the trial, the property is shown to belong to one not alleged in the indictment to be the owner.

7. ———: BURGLARY: EVIDENCE. Where it was shown that money was taken from a room that was kept locked and that defendant, previous to the taking, had been detected in fitting a key in the lock, the jury might infer that he unlocked the door.

8. ———: ———: ———: LARCENY. Proof of admissions of the defendant that he had money charged to have been stolen, and proof that it was taken by means of burglary, is evidence tending to prove both the burglary and the larceny.

9. ——: ——: LARCENY: INDICTMENT, Under the statute, burglary and larceny, when committed together, may be charged in the same count of an indictment, though distinct and separate offenses, and the jury may find the accused guilty of either or both charges.

10. ——: ——: ——: INSTRUCTIONS. On the trial for burglary and larceny charged in the same count of an indictment, it is the duty of the court to instruct upon the law of both offenses, and where it instructs upon burglary alone and upon both burglary and larceny, and their verdict in case the jury find the accused guilty of both, but wholly fails to instruct that they may acquit of burglary and convict of larceny, and what the verdict in such case should be, such failure constitutes reversible error.

*Appeal from Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

*Lentz & Standard* for appellant.

(1) The indictment in this cause is defective in that it fails to allege that the offense was committed at any certain time. 1 Bishop on Criminal Procedure, secs. 386, 406; 2 Bishop on Criminal Procedure, secs. 387, 131, 134. (2) There is no evidence in this record to sustain the charge of either burglary or larceny. And the court should have so told the jury. *First.* There is no proof that the building alleged to have been entered was a dwelling-house, or any part of a dwelling-house. 1 Bishop on Criminal Law [2 Ed.] secs. 167, 168*a*, 168*b*, 172*a;* Revised Statutes, 1889, secs. 3512, 3525. *State v. Williams*, 12 Mo. App. 591. *Second.* There is no proof that defendant at any time broke open or entered the dwelling-house of Theodore Vandover or that of Theodrick Vandover. Proof of both breaking and entering is necessary in order to convict of burglary. 2 Bishop on Criminal Law [2 Ed.] secs. 80, 81, 82, 84; *State v. Tyrrell*, 98 Mo. 357. *Third.* There is no proof that defendant intended

to or did commit a felony. Revised Statutes, 1889, sec. 3520; *State v. Tyrrell*, 98 Mo. 357; *Walton v. State*, 15 S. W. Rep. 646. *Fourth.* There is no proof that defendant ever took or carried away any money, the property of either Theodore or Theodrick Vandover. (3) The first instruction given by the court on behalf of the state is clearly erroneous, as there is no evidence to sustain this instruction either as to burglary or larceny. The instruction should have been confined to the testimony. *State v. Brady*, 87 Mo. 144; *State v. Wilson*, 88 Mo. 15; *State v. Herrell*, 97 Mo. 110. (4) *First.* Burglary and larceny are two separate and distinct offenses, although joined in the same indictment. And the jury may acquit of burglary and convict of larceny, or acquit of larceny and convict of burglary. And it was the duty of the court to so instruct the jury, and for failure to do so the cause must be reversed. *State v. Hecox*, 83 Mo. 537; *State v. Owens*, 79 Mo. 620; *State v. Martin*, 76 Mo. 337; *State v. Kelsoe*, 76 Mo. 505. *Second.* The court should give correct instructions in writing, covering the whole law arising on the facts, whether asked or not. *State v. Palmer*, 88 Mo. 568; *State v. Brooks*, 92 Mo. 542; *State v. Banks*, 73 Mo. 592; *State v. Branstetter*, 65 Mo. 149. (5) The third instruction asked by the defendant, and refused by the court, properly declared the law in relation to larceny, and should have been given, and for error in refusing to instruct the jury on this subject the case should be reversed. Black's Law Dictionary, p. 687; Revised Statutes, 1889, sec. 3535. (6) The first and fourth instructions asked by defendant and refused by the court should have been given. There was no evidence to support the charge of either burglary or larceny. (7) The instruction by the court of its own motion is wrong, because not supported by the evidence and because it does not suffi-

ciently define what a dwelling-house was, as applied to the facts in this case. The fifth instruction asked by the defendant covering the same matter properly declared the law upon that subject, and the court erred in substituting therefor the one given of its own motion. 1 Bishop on Criminal Law, secs. 167, 168a, 168b, 172a; Revised Statutes, 1889, secs. 3525, 3512; *State v. Williams*, 12 Mo. App. 591. (8) There is a fatal variance between the allegations of the indictment, and the proof, the indictment alleging that it was Theodore Vandover's house that was entered, while the proof shows (if anything) a breaking of the house of Theodrick Vandover. This we think a fatal variance. *State v. English*, 67 Mo. 136; *State v. Ham*, 93 Mo. 191; *State v. Fay*, 65 Mo. 490; *State v. Chamberlain*, 75 Mo. 382. (9) No venue has been proven; no evidence was introduced to show that the offense described in the indictment was committed in Butler county.

*John M. Wood*, Attorney General, for the State.

MACFARLANE, J.—Defendant was convicted in the circuit court of Butler county of both burglary and grand larceny. The charges for both of these offenses were contained in one indictment. He was sentenced to ten years for burglary and two years for larceny, in accordance with the verdict of a jury, and appealed to this court.

Defendant was charged in the indictment with breaking into and entering the dwelling-house of Theodore Vandover, in which there was at the time a human being, on or about the fifteenth day of June, 1890, by unlocking an outer door of said dwelling-house, by means of a false key, with intent to steal certain money, and with having stolen therefrom $100, the property of the said Theodore Vandover.

The evidence established the fact that Theodrick Vandover owned a certain building which consisted of two rooms separated by a space of about four feet, but both inclosed under the same roof and connected by porches on each side, extending from the door of one to the door of the other. Mr. Vandover lived in one of these rooms, and the other was used for storing and keeping things not in immediate use; no one slept in this room or occupied it for any purpose. There was no internal communication between this room and the other. Vandover kept his money in this room, the door of which was kept locked.

Some time in June, 1890, the money was taken. Defendant had worked for Vandover during the month of June. While there he had been detected fitting or trying a key to the lock of this lumber room. When arrested in August he had $115 in his possession, which he apparently tried to conceal. He expressed a willingness to the officers who arrested him to return the money to Vandover. He undertook to explain his possession of the money by saying that he had sold some land to his mother who had paid him the money. There was no evidence of the burglary except what arose by implication from these facts.

I. The first assignment of error is that the indictment is defective in not alleging that the offense was committed at any certain time. This assignment is not well taken. Under our statute no distinction is made between a burglary of a dwelling-house, whether committed by day or at night, and consequently there is no reason as at common law to charge in the indictment the hour at which the offense was committed. Revised Statutes, 1889, sec. 3520; Bishop on Criminal Procedure, sec. 131; 2 Bishop on Criminal Law, sec. 101.

Our statute also obviates the necessity of stating specifically in the indictment the time at which the offense was committed, when time is not of the essence of the offense. Revised Statutes, 1889, sec. 4115; *State v. Pratt*, 98 Mo. 482.

II.   It is insisted in the second place that there is no proof that the building alleged to have been entered was a dwelling-house, or any part of a dwelling-house.

"At common-law the mansion or dwelling-house in which burglary might be committed was held to include the outhouses, such as warehouses, barns, stables, cowhouses or dairyhouses, though not under the same roof or joining contiguous to the dwelling-house, provided they were parcel thereof, or within the curtilage." 2   American & English Encyclopedia of Law, 673; 2 Russell on Crimes, 15; Bishop on Statutory Crimes, sec. 278.

This has been changed by our statute, which provides that "no building shall be deemed a dwelling-house or any part. of a dwelling-house within the meaning of the foregoing provisions (relating to burglary) unless the same be joined to, immediately connected with and is part of a dwelling-house."

We think there can be no doubt that the room in which the burglary was alleged to have been committed was a part of the dwelling-house within the meaning of the statute; it was included under the same roof, and was connected by a porch on each side with the room in which the family resided. The room was not used for any purposes, which, at common law, would have been inconsistent with being a part of a dwelling-house.

The statute does not, in terms, require that the connection between the part of the building used as a dwelling and the part burglarized should afford internal communication.   No internal communication was

ordinarily necessary at common law in order to connect an outhouse with a dwelling, and we think if any had been required under the statute the intention would have been expressed. We think the language of the statute, "a part of the dwelling-house," was only intended to mean a part of the building which constituted the dwelling-house.

III. Objection is made that there is. a variance between the given name of the owner of the building and of the money alleged to have been stolen, as charged in the indictment and as proved on the trial. The statute, we think, fully provides for such variances. It says they shall "not be deemed grounds for an acquittal of the defendant, unless the court before which the trial shall be had shall find such variance is material to the merits of the case, and prejudicial to the defense of the defendant." Revised Statutes, 1889, sec. 4114. This objection should, in the first instance, have been made to the trial court. *State v. Sharp*, 106 Mo. 109; *State v. Ballard*, 104 Mo. 634.

We are unable to see wherein the defendant could have been prejudiced by this variance. The gist of the offense consisted in breaking and entering the house with the intent to steal, and it was not necessary to prove the ownership of the property as laid. *State v. Tyrrell*, 98 Mo. 354.

IV. We are of the opinion that the circumstances proved, with the admissions of the defendant, sufficient to authorize a submission of both charges of burglary and larceny to the jury. It is true there was no direct proof of the breaking or unlocking the door; but, as it was kept locked, the money was taken from the room and defendant had been detected fitting a key in the lock, the jury might infer that he unlocked the door. The admission, if made by defendant that he had the money of the prosecutor, if it was sufficiently proved

that the money was taken by means of burglary, would be evidence tending to prove both the burglary and larceny. *State v. Owens*, 79 Mo. 625.

V. While the statute allows a joinder of the charges of burglary and larceny in the same count in the indictment, when committed together, they are still separate and distinct offenses, and the jury may find the accused guilty of either or both. Revised Statutes, 1889, sec. 3529; *State v. Hecox*, 83 Mo. 537; *State v. Owens*, 79 Mo. 620; *State v. Kelsoe*, 76 Mo. 505; *State v. Martin*, 76 Mo. 337.

It is made the duty of the court to instruct the jury on all questions of law arising in the case whether asked or not. *State v. Palmer*, 88 Mo. 571. It was clearly the duty of the court to instruct the jury upon the law of both larceny and burglary. The court did instruct the jury as to what their verdict should be in case they found defendant guilty of burglary alone, and what it should be should they find him guilty of both burglary and larceny, but wholly omitted to inform them that they might acquit of burglary, and convict of larceny, and what their verdict should be in case he should be found guilty of larceny alone. In this omission the court committed reversible error. *State v. Hecox*, 83 Mo. 537, and cases cited. For this error the judgment is reversed and cause remanded. All concur.