THE STATE v. DAVIS, *Appellant.*

Division Two, November 23, 1897.

1. **Seduction:** CORROBORATIVE EVIDENCE. In a trial for seduction under promise of marriage there must be evidence strongly corroborative of the promise independent of the principal witness.

2. ———: PROMISE OF MARRIAGE: EVIDENCE. The promise of marriage in a seduction case may be established by the circumstances which usually accompany the marriage engagement.

State v. Davis.

3. ——: PROMISE OF MARRIAGE: GOOD REPUTE: PROOF. The prosecutrix's sister testified that the defendant made frequent visits to the prosecutrix, was very affectionate, and upon one occasion when returning from church, proposed marriage to prosecutrix in the hearing of witness. The mother and sister testified to prosecutrix's good repute prior to the seduction. *Held* to be sufficient testimony corroborating the promise of marriage and that prosecutrix's good repute was sufficiently proven.

4. **Appellate Practice**: VERDICT OF JURY. The Supreme Court on appeal will not interfere with the jury's verdict where there is substantial evidence to support it.

5. **Failure to Instruct**: TESTIMONY. It is reversible error for the trial court, although its attention is called to the omission only by defendant's refused instruction, to fail to instruct, on a trial for seduction under promise of marriage, that prosecutrix's testimony as to the promise of marriage, must be corroborated by other evidence.

*Appeal from Mercer Circuit Court.*—HON. PARIS C. STEPP, Judge.

REVERSED AND REMANDED.

*H. J. Alley, C. H. Douglas,* and *H. J. Alley, Jr.,* for appellant.

(1) The testimony of the prosecuting witness, as to the promise of marriage, was not corroborated in any manner, or by any person, or by any circumstances, as would satisfy the provisions of section 4212, Revised Statutes of 1889, which requires the promise of marriage to be corroborated to the same extent required of the principal witness in perjury. (2) The court erred in giving instruction 1 on the part of the State. This instruction was clearly erroneous in this kind of a case, and ought not to have been given. *State v. Heed,* 57 Mo. 252. We are not complaining of any failure of the State to instruct on the whole law of the case, but complain that the instruction 1, given by the State, was in itself clearly erroneous and misleading.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) As to the first proposition of defendant that the court erred in refusing to give instruction 1, we would say that the effect of the action of the defendant's counsel was a demurrer to the testimony. The rule is that when the inference of guilt can be reasonably drawn from the evidence in a criminal case this court will not interfere with the verdict on the ground of insufficiency of the evidence to support it. *State v. Jackson*, 106 Mo. 181; *State v. Banks*, 118 Mo. 117; *State v. Eisenhour*, 132 Mo. 149. (2) Objections to the giving or refusing of instructions can not be raised for the first time on appeal. *State v. Arnewine*, 136 Mo. 130. (3) There was no error in excluding the letter offered in evidence, because it was simply a collateral matter, and the court could exercise its discretion in the rejection of the testimony offered in regard to collateral matters. *Adriance v. Arnot*, 31 Mo. 471; *Craighead v. Wells & Nickel*, 21 Mo. 404.

BURGESS, J.—Defendant was indicted and convicted in the circuit court of Mercer county for the seduction under promise of marriage of Menecie Scoles, an unmarried female of good repute, under eighteen years of age, and his punishment fixed at two years' imprisonment in the penitentiary. After unsuccessful motions for new trial and in arrest he appeals.

Defendant and Menecie Scoles lived in the same neighborhood. About the second week in March, 1895, she went to the house of defendant's father where defendant then resided, to work, but did not remain quite a week until she returned to her father's house. While she remained at the house of defendant's father, defendant began making love to her. They had then been

acquainted about three years.    After her return home
defendant visited her a few times, promised to marry
her, and under such promise defendant seduced her,
and got her with child, of which she was thereafter
.delivered.    She was of good repute up to the time that
she is charged to have been seduced by defendant.

It is insisted by defendant that there was no evi-
dence to authorize the verdict, in this, that the testi-
mony of the prosecuting witness, Menecie Scoles, as to
the promise of marriage, was not corroborated as re-
quired by section 4212, Revised Statutes 1889, and that
she was not shown to be of good repute at the time of
the commission of the alleged offense.

That section provides that "in trials for seduction
under promise of marriage, the evidence of the woman
as to such promise must be corroborated to the same
extent required of the principal witness in perjury."
In cases of perjury it is not necessary that the corrobora-
ting circumstances should be equal or tantamount
to those testified to by the principal witness, but they
must strongly corroborate the testimony of such wit-
ness.    *State v. Heed*, 57 Mo. 254.    So, in cases of se-
duction under promise of marriage, there must be some
evidence strongly corroborative of the promise of mar-
riage independent of the principal witness.    "Any
material circumstance proved by other witnesses, in
confirmation of the witness who gave the direct testi-
mony, will be sufficient. . . . . . . Evidence of circum-
stances which usually accompany the marriage engage-
ment will satisfy the statute as supporting evidence.
. . . . . . . Of course there may be many other circum-
stances equally efficient, and it is not designed to enu-
merate them, for in this respect each case must, to a
great extent, be its own guide."    *State v. Hill*, 91 Mo. 423;
*State v. Wheeler*, 108 Mo. 658.    Mrs. Stemen testified
to the repeated visits of defendant to Menecie during

the spring of 1895; that they were very affectionate when together, and that upon one occasion, as they were returning from church, in her hearing, the defendant proposed marriage to Menecie. Her good repute was testified to by her mother and sister. It thus appears that there was testimony corroborating the prosecuting witness as to the promise of marriage, as well also as evidence tending to show that she was of good repute. The weight to be given to it was for the jury, whose peculiar province it was to pass upon such matters, and this court will not interfere where there is substantial evidence as in this case to support the verdict.

The first and second instructions given upon the part of the State are criticised by defendant, but we are unable to see the force of this criticism. They are certainly good as far as they go. While the first and second instructions asked by defendant were properly refused, by the first, the court's attention was sufficiently called to the fact that it had failed to instruct in accordance with the statute quoted (that the evidence of the prosecuting witness as to the promise of marriage must be corroborated by some material circumstance proved by other witnesses) to have made it its duty to do so.

During the trial defendant produced and offered to read in evidence to the jury a letter signed "Minnie Steman," addressed to one John McClain, Princeton, Missouri, and received by him through the postoffice, but which was objected to by the State and excluded by the court. It is difficult to see what bearing this letter could have had upon the issues involved in the trial of this case, as it does not seem to have any reference whatever directly or indirectly thereto. Furthermore, while Minnie Steman, when the letter was first presented to her, testified that it was written by her sister

Menecie, upon further examination of the letter she testified that it was not written by her, and that it was not in the handwriting of her sister.

There was therefore no evidence whatever by whom the letter was written, hence it was properly excluded.

For failure to instruct as herein indicated the judgment is reversed and the cause remanded.    GANTT, P. J., and SHERWOOD, J., concur.