THE STATE v. BRINKLEY AND HANDY, *Appellants.*

Division Two, November 7, 1898.

1. **Burglary and Larceny.** If one is acquitted of burglary and found guilty of larceny, the larceny will be grand or petit larceny according to the value of the property stolen.   And if found guilty of larceny only, and the value of the goods stolen is less than $30, he has only committed a misdemeanor.

2. ————: INSTRUCTIONS. Where the defendant has been indicted for larceny and burglary, he is entitled to an instruction that tells the jury what they should do in the event they find him guilty of larceny and not of burglary.

*Appeal from Jackson   County   Criminal   Court.*—HON. JOHN W. WOFFORD, Judge.

REVERSED AND REMANDED.

*Joseph S. Brooks* for appellants.

(1) Burglary and larceny are two distinct offenses though joined in the same count of the indictment, and the court should have instructed as to both larceny and burglary. The jury should have been told they might acquit of burglary and convict of larceny in which event the larceny would be petit in this case. *State v. Hutchinson*, 111 Mo. 257; *State v. Hecox*, 83 Mo. 531; *State v. Barker*, 64 Mo. 282; *State v. Owens*, 79 Mo. 620; *State v. Martin*, 76 Mo. 337; *State v. Kelsoe*, 76 Mo. 505. (2) Defendants' first instruction defining a shop correctly stated the law and should have been given by the court. The term shop has a technical and limited meaning under the statute and should have been defined by the court. 22 Am. and Eng. Ency. of Law, p. 778 and notes; *Com. v. Riggs*, 14 Gray, 378; *Rex v. Chapman*, 7 J. P. 132; *State v. Morgan*, 98 N. Car. 643; *Reg v. Saunders*, 9 C. & P. 79; *State v. Meerchouse*, 34 Mo. 344.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) The evidence was not of such character to warrant an instruction on the subject of larceny alone. If it disclosed any offense whatever, it was that of burglary, and while the citations made by defendant are well and good, they can have no application to this case when viewed in the light of the testimony adduced in evidence. It is an acknowledged rule that the court is not called upon, nor required to give an instruction, unless the same is warranted by the evidence in the case. *State v. Brady*, 87 Mo. 142; *State v. Dickens*, 87 Mo. 448; *State v. Edwards*, 71 Mo. 312; *State v. Harrod*, 102 Mo. 590; *State v. McKenzie*, 102 Mo. 620;

*State v. Henson*, 106 Mo. 66; *State v. Bulling*, 105 Mo. 204; *State v. Wilson*, 88 Mo. 13; *State v. Rose*, 32 Mo. 346. (2) The evidence in this case, in its entirety, tends to show defendants guilty of burglary and larceny. The larceny in the case is necessarily, under the testimony, controlled and based on the burglary as shown and established. *State v. Edwards*, 71 Mo. 312; *State v. Umble*, 115 Mo. 452; *State v. Horn*, 115 Mo. 416; *State v. Lewis*, 118 Mo. 79. (3) The evidence affords abundant proof that the building broken into was a "shop," falling within the meaning of the statute. It is shown to be not only a work shop, but a place where castings were manufactured and sold. This was sufficient. 2 Russell on Crimes, p. 73; R. S. 1889, sec. 3526; *Reg. v. Carter*, 1 C. & K. 173; *Richards v. Washington*, 60 Mich. 426; *Wilson v. State*, 24 Conn. 57.

BURGESS, J.—At the September term, 1897, of the criminal court of Jackson county, an indictment was preferred against defendants by the grand jury of said county charging them with burglary and larceny. At the same term they were put on their trial, found guilty of both burglary and larceny, and the punishment of each one fixed at three years' imprisonment in the penitentiary for the burglary, and two years each in addition thereto, for the larceny. After an unsuccessful motion for a new trial they appeal.

The building which defendants are charged with breaking into is a one story brick numbered 221, Walnut Street, Kansas City, Missouri. The offense is alleged to have been committed on the night of the twenty-seventh day of October, 1897. The building was occupied by Messrs. Andy and Barney Duback, partners, and is described in the indictment as a certain "shop," and was used for the purpose of moulding,

making and shaping castings of iron. At the time of the commission of the alleged offense the building was securely fastened and had not been open for several days. While the building had not been opened for several days, it had not been abandoned, but at the time it was burglarized there were in it the tools alleged to have been stolen by defendants therefrom. The entrance to the building was made through one of its windows, by pulling off the sheet iron which had been nailed over it. Several of the boxes in which the tools and fixtures were placed were broken open, and a number of the tools carried away. Part of the tools were found in the possession of one of the defendants, and the other defendant was arrested at a second hand store where he had disposed of his portion of them. There was a hole in the roof of the building at the time of the commission of the alleged offense, but the evidence does not show of what size.

The court instructed the jury as to burglary and larceny, and gave the usual instructions as to the presumption of guilt arising from the recent possession of stolen property, but did not instruct them what they should do in the event they should find defendants guilty of larceny, but not of burglary, nor what they should do if they found them guilty of burglary and not of larceny.

Defendants assign for error the action of the court in refusing to instruct the jury what kind of a building constituted a shop, and that they might convict defendants of larceny and acquit them of burglary, if the evidence authorized such a verdict.

As to the first proposition the jury were fully instructed, and defendants' contention to the contrary without merit, but it is not so as to the other point. Section 3529, Revised Statutes 1889, provides that "if any person in committing burglary shall also commit

a larceny, he may be prosecuted for both offenses in the same count, or in separate counts of the same indictment, and, on conviction of such burglary and larceny, shall be punished by imprisonment in the penitentiary, in addition to the punishment prescribed by the statute for the burglary, not less than two nor exceeding five years" for the larceny. It will thus be seen that when a person in committing a burglary, also commits larceny, and is found guilty of both, that the minimum punishment for the larceny is two years' imprisonment in the penitentiary, regardless of the value of, or property stolen. But if acquitted of burglary and found guilty of larceny, the larceny would be grand or petit according to the value of the property stolen. *State v. Barker*, 64 Mo. 282. So, that in the case at bar if defendants had been acquitted of the burglary, and convicted of larceny, the offense would have been a misdemeanor only, as the value of the property stolen was less than $30. As was said in *State v. Hecox*, 83 Mo. 537: "This cause was tried on the theory that if defendant was found guilty of larceny, he must, also, be found guilty of burglary. In other words the larceny charged, and for which alone he could be convicted, was incidental to the burglary. This was a mistaken view of the law. They were two distinct offenses, though joined in the same indictment on different counts. *State v. Kelsoe*, 76 Mo. 505; *State v. Martin*, 76 Mo. 337; *State v. Owens*, 79 Mo. 620. If acquitted of burglary and found guilty of larceny, the larceny would be grand or petit, according to the value of the property stolen. *State v. Barker*, 64 Mo. 282. The jury were properly informed as to what their verdict should be if they found the defendant guilty of burglary, and if they found him guilty of both burglary and larceny, but they should have been further told that they could acquit of burglary and

find defendant guilty of larceny; in which event the larceny would be petit larceny only under this indictment.'' While the instruction asked by defendant upon this theory of the case did not go far enough in that it did not tell the jury that they might convict of burglary and acquit of larceny, as well as acquit of burglary and convict of larceny, or convict or acquit of both, as they believed them guilty or not guilty under the evidence, by it the court's attention was called to the fact that it had failed to so instruct (*State v. Davis*, 141 Mo. 522), which should have been done, and because of its failure to do so, we reverse the judgment, and remand the cause.  GANTT, P. J., and SHERWOOD, J., concur.