STATE of Missouri, Respondent,

v.

Lawrence SMITH, Appellant.

No. 49522.

Supreme Court of Missouri,

Division No. 1.

March 11, 1963.

Maurice B. Soltz, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Pendleton Goodall, Jr., Sp. Asst. Atty. Gen., Jefferson City, for respondent.

DALTON, Presiding Judge.

■ Defendant was charged under the Habitual Criminal Act with the offense of burglary, second degree, and stealing. On trial he was found guilty of the offenses charged and the court assessed defendant's punishment at five years' imprisonment for the burglary and five years for stealing, the sentences to run consecutively. See Sections 560.045, 560.110, 560.156 and 556.280 RSMo 1959, V.A.M.S. Defendant has appealed and filed a brief in this court wherein the only error assigned is that the court erred in giving Instruction No. 8, an instruction setting out forms of verdict. Other assignments of error set out in the motion for new trial are therefore waived. Supreme Court Rule 28.02.

The State's evidence tended to show that on January 13, 1962, Jesse Randle occupied Apartment No. 402 on the fourth floor of an apartment building located at 1317 Troost Avenue in Kansas City, Jackson County, Missouri; that about 7:30 a. m. on that date, when he left for his work, he locked each of the two front doors of his apartment. The locks consisted of padlocks and hasps, the hasps being of the type that, when closed and padlocked, it was impossible to remove the screws holding the hasps, and the hasps could be removed only by prying them off. Upon returning to his apartment about 6 p. m. on the day in question, Randle observed that his apartment doors were both open and that, although the padlocks were still fixed to the hasps, the hasps had been pried off. Access could only have been obtained to the apartment by the forcible removal of the hasps and padlocks from both an outer and an inner door. On inspection of his apartment Randle discovered that his brown plastic Admiral table radio and his dark brown "Hi-Fi" set, described as a Motorola, were missing. They were in his apartment when he

left home that morning. He had not given anyone permission to enter his apartment that day or to remove any of his property. The value of the radio was $5 and the value of the "Hi-Fi" set was about $20. They were never recovered.

Randle was well acquainted with defendant Lawrence Smith and had known him for some five or six years, since at one time both had lived in the same rooming house. Defendant had visited Randle in his apartment the night before the alleged burglary and stealing. At that time he had borrowed Mr. Randle's razor and had shaved with it. Mr. Randle had also furnished him food. Prior to this occasion Randle had borrowed money from defendant Smith and had put up personal property as collateral, but the debt was subsequently paid and the property returned to Randle. Defendant knew that Randle had a radio and "Hi-Fi", since he had listened to both. In fact, he had visited Randle frequently and they had "shot craps" together.

The State's evidence further tended to show that about 1:30 p. m. on January 13, 1962, Arnold Kratchman, one of the owners of the apartment building, who was well acquainted with defendant Smith because of some past association with him, heard a loud crash in the back stairway of the apartment building and he came up to investigate. At that time he observed defendant Smith between the first and second stairway landings of the building with a "Hi-Fi" set in his possession and a plastic, dark-colored, table radio. Apparently the noise had been caused by the fall of the radio, since Smith was bending down picking it up when Kratchman arrived. Smith had been coming down the steps, but when Kratchman asked: "What are you doing with this radio and Hi-Fi set?" Smith said: "I am carrying it up to somebody" and he turned around and started back up the steps. Kratchman described the radio and the record player substantially as described by Randle. Kratchman stood at the bottom on the stairs, while defendant was on the fourth step from the top and a little above

Kratchman. Kratchman observed that defendant wore glasses and he recognized defendant, especially from his profile, since defendant had a "pronounced profile." Kratchman did not note whether defendant was clean-shaven or had a mustache, but defendant did not have on a coat, gloves or hat. At one time defendant had worked as a maintenance man in the building for four days and then left, but later he had visited about the building and Kratchman had recently seen him.

Later the same afternoon several tenants came down and advised Mr. Kratchman that the doors to Randle's room were open. Kratchman then went up to Randle's apartment and "saw that the two locks on the doors had been broken off, and the room was open." He reported the matter to the police and defendant Smith was arrested on January 15, 1962. When questioned by the police, defendant denied "any implication" in the offenses charged. No evidence was offered on behalf of defendant.

There is no contention here that the State's evidence was not sufficient to make a case for the jury on each of the offenses charged or that the court erred in overruling defendant's motion for judgment of acquittal presented at the close of the State's case.

As stated, the only point in appellant's brief is that "The form of verdict instruction, Number –8–, was erroneous since the state and court prevented the jury from finding defendant guilty of stealing under $50.00 without finding him guilty of burglary by deleting and omitting said instruction [sic] from the original form of verdict instruction." The assignment is in conformity to the sixth assignment in defendant's motion for a new trial.

Instruction No. 8 (omitting the forms of verdict which are not in question) is, as follows:

"If the jury find the defendant, LAWRENCE SMITH, guilty of both Burglary, Second Degree and Stealing, you may use

the following form: * * * (form set out) * * *."

"If the jury find the defendant, LAWRENCE SMITH, guilty of Burglary, Second Degree and not guilty of Stealing, you may use the following form: * * * ·(form set out) * * *."

"If the jury find the defendant, LAWRENCE SMITH, not guilty of Burglary, Second Degree, and not guilty of Stealing, you may use the following form: * * * (form set out) * * *."

"Your one verdict, *with a separate finding as to each offense charged,* must be unanimous, must be signed by one of your number as foreman, *and should be written upon a separate sheet of paper and not upon one of these instructions.*" (Italics ·ours.)

█ On this appeal, appellant seeks to ·raise (by argument) an issue not raised at the trial nor mentioned and preserved in the motion for new trial, to wit: that the ·court erred in not instructing the jury on the issue of stealing of property of less value than $50. Appellant cites and relies up-·on Section 546.070 RSMo 1959, V.A.M.S. and Supreme Court Rule 26.02(6) which require the court, whether requested or not, to instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving ·their verdict. Appellant insists that the ·court erred in failing to instruct as to lar-·ceny and petit larceny; and that this was necessary for the jury's information in giv-·ing their verdict. Appellant cites State v. Hecox, 83 Mo. 531, 537; State v. Hutchinson, 111 Mo. 257, 20 S.W. 34, 35; State v. Brinkley, 146 Mo. 37, 47 S.W. 793, 794; State v. Conway, 241 Mo. 271, 145 S.W. 441, 448. No such objection was presented ·at the trial or raised in the motion for a new trial. It will be noted further that the issue in question is not raised by the appellant's single assignment in this court which is directed solely to error in the giving of Instruction No. 8.

By Instruction No. 2 the court submitted a finding of facts from which the jury might find defendant guilty of burglary, second degree, and the instruction further stated "unless you find the facts to be as above stated, you are instructed to acquit the defendant of Burglary."

By Instruction No. 3 the court submitted a finding of stealing in connection with burglary, second degree, and in effect submitted a finding as to both offenses, omitted any required finding as to the specific value of the property taken, but required a finding that "the defendant feloniously and intentionally did steal property of any value" and continued with the words: "then you will find defendant guilty of Stealing and so ϗind in your verdict. And, unless you find the facts to be as above stated, you are instructed to acquit the defendant of Stealing."

While Instruction No. 8 did not contain a form of verdict for the jury to use in the event that they should find the defendant guilty of stealing, but not guilty of burglary, second degree, nevertheless the offenses charged were submitted by separate instructions, as hereinbefore stated. (Instructions No. 2 and No. 3.) The matter was further covered by the closing paragraph of Instruction No. 8.

In the case of State v. Huff, 352 Mo. 1161, 181 S.W.2d 513, 516(7) the court said: "Again, appellant complains that the jury was not instructed that it could convict appellant of burglary and acquit him of larceny, or could convict him of larceny and acquit him of burglary, or that he could be convicted of both or acquitted of both charges. As we indicated above the burglary charge was submitted in one instruction and the question of larceny in another. Two separate instructions. Each concluded with the words, 'and unless you shall so find and believe from the evidence, you will find the defendant not guilty.' The instructions, therefore, gave the jury the authority to do just what appellant contends it should have been instructed it could do."

**508**

In the case before us, it is clear that the issue of defendant's guilt or innocence of burglary, second degree, was properly submitted by Instruction No. 2, and in view of that finding the value of the property taken became unimportant so long as it had some value as submitted in Instruction No. 3 and the jury has found defendant guilty of both offenses as submitted. State v. Worley, Mo.Sup., 353 S.W.2d 589, 595(5, 6).

As stated, no objection was made at the time to the court's failure to instruct on the offense of stealing property having a less value than $50, nor did defendant request such an instruction or raise that issue in his motion for a new trial. Nor did defendant specify or make any specific objections to either Instruction No. 2 or No. 3, or even mention such instructions or such issue in his motion for new trial. See Supreme Court Rules 27.20 and 70.02.

Appellant insists that only Instruction No. 8 "prevented the jury from finding appellant guilty of stealing under $50.00 without finding him guilty of burglary" and that this was error. We cannot agree. While it is true that Instruction No. 8 does not contain a form of verdict for the jury to use, if they found defendant not guilty of burglary, second degree, but did find defendant guilty of stealing property having a value of less than $50, yet no such offense was submitted to the jury, nor was objection made to such failure.

By his failure to object to the court's action in not submitting an instruction on the offense of stealing property having a less value than $50, the defendant acquiesced in the submission as made and the court's action in that respect cannot now be questioned in this court. See State v. Terry, Mo., 325 S.W.2d 1, 5. Acquiescence and consent to the submissions as made is further evidenced by the fact that no complaint as to the offenses submitted was made in the motion for a new trial.

On the record presented on this appeal, we need not determine whether the court

*should have* instructed the jury on the issue of stealing property having a value of less than $50. No such issue is properly before us. Perhaps the failure of defendant to complain of the court's failure to so instruct the jury can be explained on the theory that the submission as made was more favorable to defendant. See State v. Brim, Mo., 339 S.W.2d 775, 780(6, 7) on which the State relies.

The judgment is affirmed.

All of the Judges of the Division and HUNTER, Special Judge, concur.