STATE of Missouri, Respondent,

v.

Walter Madison QUALLS, Appellant.

No. 50536.

Supreme Court of Missouri,

Division No. 2.

Nov. 9, 1964.

Thomas F. Eagleton, Atty. Gen., Jefferson City, James J. Sauter, Special Asst. Atty. Gen., St. Louis, for respondent.

Ben J. Weinberger, St. Louis, for appellant.

STOCKARD, Commissioner.

Walter Madison Qualls was found guilty by a jury of the felonies of burglary in the second degree and stealing, and his punishment was assessed by the jury at confinement in the penitentiary for a term of three years for burglary and for a term of two years for stealing. He has appealed from the judgment entered pursuant to the verdict. Appellant was represented at trial by able counsel who by letter notified this court that the case would not be briefed, but that he would "stand on the motion for new trial."

Appellant asserts in his motion for new trial that the trial court erred in refusing to sustain his motion for judgment of acquittal at the close of the entire case. A jury reasonably could find from the evidence that between 5:00 and 5:15 o'clock in the morning of June 29, 1963, appellant pried open a window of a building located at 1260 Hodiamont, St. Louis, Missouri, occupied by Parts Fabricators, Inc., and that Allen Dorsey, who was with appellant, then entered the building through the opened window, and handed to appellant, who had remained on the outside of the building, an electric adding machine which was the property of James J. Burke and Company. Appellant and Dorsey left with the adding machine, which was not subsequently recovered and which had a value of $170. The motion for a judgment of acquittal was properly refused.

Appellant also asserts in his motion for new trial that the trial court "erred in failing to instruct the jury on all the law applicable to the case particularly on the question of defendant's guilt of burglary alone or stealing alone or both burglary and stealing whether requested or not." Instruction No. 1, the verdict-directing instruction, told the jury that if they found, beyond a reasonable doubt, that the defendant "did feloniously, forcibly and burglariously break and enter into a certain office or building * * * with the felonious intent then and there to steal therein, and if you further find that in said office or building goods, wares, merchandise and personal property of any kind and of some value, however small, were at the time * * * kept and deposited, and if you further find that defendant, * * * took and carried away therefrom an Underwood make adding machine, and if you further find that he did so with the felonious intent at the time to fraudulently convert the same to his own use and to permanently deprive the owner thereof without its consent, and if you further find that said property was owned by * * * and was of any value whatever, you will find the defendant guilty of Burglary, Second Degree, and Stealing, and unless you so find the facts to be, you will acquit the defendant of Burglary in the Second Degree and Stealing." There then followed a cautionary provision concerning the amount of force necessary to constitute a breaking, and the definition of the terms "feloniously" and "burglariously." The instruction concluded with the provision that if the jury found the defendant "guilty of the offenses of Burglary, Second Degree, and Stealing as set out above, then you will assess his punishment at imprisonment in the State Penitentiary for not less than two nor more than ten years for the offense of Burglary, Second Degree, and for not less than two years nor more than five years on the offense of Stealing." There was no form of verdict provided the jury whereby ap-

pellant could have been found guilty of one offense and not guilty of the other.

■ The offense of burglary in the second degree and the offense of stealing committed in connection with the burglary are separate offenses, but they may be charged in one information. Supreme Court Rule 24.04, V.A.M.R.; Section 560.-110 RSMo 1959, V.A.M.S.; State v. Willis, Mo., 328 S.W.2d 593, certiorari denied 362 U.S. 984, 80 S.Ct. 1073, 4 L.Ed.2d 1018. Supreme Court Rule 26.02, V.A.M.R., in paragraph 6 provides: "In all criminal cases the court, whether or not it shall have been requested so to do by either party, must instruct the jury in writing upon all questions of law necessary for their guidance in returning their verdict which shall include whenever necessary the subjects of good character and reasonable doubt. In all felony cases failure so to instruct shall be good cause for setting aside a verdict of guilty by the jury and granting a new trial." See also Section 546.070 RSMo 1959, V.A.M.S. The determinative question is this: when appellant was charged with two offenses in the same information, was the trial court required, without a request, to instruct the jury that appellant could be found guilty of one offense and acquitted of the other?

In State v. Hutchinson, 111 Mo. 257, 20 S.W. 34, the defendant was charged in one indictment with burglary and grand larceny, and it was there held: "While the statute allows a joinder of the charges of burglary and larceny in the same count in the indictment, when committed together, they are still separate and distinct offenses, and the jury may find the accused guilty of either or both. * * * It is made the duty of the court to instruct the jury on all questions of law arising in the case, whether asked or not. * * * It was clearly the duty of the court to instruct the jury upon the law of both larceny and burglary. The court did instruct the jury as to what their verdict should be in case

they found defendant guilty of burglary alone, and what it should be should they find him guilty of both burglary and larceny, but wholly omitted to inform them that they might acquit of burglary and convict of larceny, and what their verdict should be in case he should be found guilty of larceny alone. In this omission, the court committed reversible error." In State v. Lackey, 230 Mo. 707, 132 S.W. 602, the defendant was charged in one information with burglary and larceny. It was there said: "The jury was instructed by the court, in instruction No. 1, that 'under the evidence in this case you may find the defendant guilty of both offenses, or you may acquit him of both offenses, according as you may find the facts to be from the evidence.' No instruction was given authorizing the jury to convict of one offense and acquit of the other, and the jury was thus left no alternative but to convict the defendant of both offenses charged, or to acquit him of both. The defendant was clearly entitled under the law to instructions upon each of the two offenses charged as fully as though he had been tried separately for each felony. He had the right to have the jury pass upon his guilt or innocence of each offense and to acquit him of either, unless he was found guilty beyond a reasonable doubt. This was not only his undoubted right, but it was the prerogative of the jury, regardless of whether the evidence in support of one charge was equally strong in support of the other, and regardless of how unreasonable and illogical it might appear to convict of one and acquit of the other." See also State v. Brinkley, 146 Mo. 37, 47 S.W. 793; State v. Green, Mo., 228 S.W. 740.

■ We conclude that in this case appellant was entitled to have the jury instructed that they could find him guilty of one offense and acquit him of the other, and that failure to do so was prejudicial error. The statement in State v. Brim, Mo., 339 S.W.2d 775, at p. 780, to the effect that such error was "favorable to defendant" about which he cannot complain

was dictum to the ruling in that case and with which we do not agree. However, "The right to have all the law declared in the instructions may be waived like any other right," 23A C.J.S. Criminal Law § 1341, p. 929, and in view of the record we must determine whether there was a waiver in this case.

■ The transcript reveals that after the close of all the evidence the following occurred out of the hearing of the jury.

"THE COURT: The Court understands that defendant is not *requesting* a separate instruction that the jury be given an opportunity to find the defendant not guilt of stealing and guilty of burglary, or guilty of stealing and not guilty of burglary, and, therefore, the Court has not prepared verdict forms of that sort, and its instruction requires a finding that—of all of the elements of burglary and stealing, and it's combined in one instruction. The Court understands that the defendant, is not *requesting* that they be separated. The Court also understands that the defendant *objects to the giving of Instruction No. 1,* No. 3, No. 4 and No. 6." (Italics supplied.)

As previously noted, the trial judge was required without request to instruct the jury in writing upon all questions of law necessary for their guidance, which included the instruction that they could find appellant guilty of one offense and acquit him of the other. There is nothing in the record to show or from which it may be inferred that appellant waived this right. At most, he made no request that the trial court do that which it was required to do without a request. That does not constitute a waiver. The record also affirmatively shows that appellant objected to the instruction as given, and in the motion for new trial the specific objection was set forth with particularity as required by Supreme Court Rule 27.20, V.A.M.R. Other matters presented in the motion for new trial need not be ruled on this appeal.

The judgment is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur