HIGGINS, Commissioner.
Bennie Parker, with prior conviction of burglary second degree, was convicted by the court following jury-waived trial of burglary, second degree. His punishment was assessed at six years’ imprisonment, and sentence and judgment were rendered accordingly. Rule 26.01, V.A.M.R.; §§ 560.045, 560.095, RSMo 1969. (Appeal taken prior to January 1, 1972.)
Appellant contends that the State failed to prove a case against him under its amended information “in that there was no showing that the structure allegedly broken into was a dwelling house.”
The amended information charged that Bennie Parker, at the City of St. Louis, Missouri, on the 20th day of January, 1971, did feloniously and burglariously, forcibly break and enter a dwelling house at 5791 Westminster Place, the property of the Pension Fund of Christian Churches “Disciples of Christ,” in the care and custody of Mound City Realty Company, with the felonious and burglarious intent to steal.
According to William F. Riggins, a real estate broker, his company, Mound City Realty Company, was the manager and agent of a seven-unit apartment building at 5791 Westminster, St. Louis, Missouri, owned by the Pension Fund of Christian, Churches, Indianapolis, Indiana. All units were occupied on January 20, 1971. The building also had a basement containing all the utility facilities. Most of the plumbing in the basement was of copper pipe. There was one entrance to the basement, located at the rear of the building, and it usually was fastened with two locks at night and one in the daytime. The gas company had a key to the single daytime lock in order to read the gas meters. *5 There were three other entrances, all of which had been sealed. The apartments and the basement were also connected by a common corridor by which, according to defendant, one could “go down to 5791, and go to the bar room and go straight through to the other building.” Mr. Riggins did not know Bennie Parker and had never given him permission to open the basement door.
On January 21, 1971, Mr. Riggins was called to the apartment building by the police, at which time he observed damage to the basement door and to the copper plumbing. There were pry marks on the door and some of the copper plumbing had been disconnected.
Mound City employed Francis Coleman as manager on the premises at 5791 Westminster. He and his family lived in apartment 2A. He previously had known Bennie Parker when both of them had worked for Kisco Company, but had never given him an invitation or permission to go into the basement or to take any copper tubing from the basement. On January 20, 1971, he accompanied his wife to a bus stop en route to her work. On the way he saw defendant whom he knew only as Bennie. They visited for a few moments during which Bennie learned that Mr. Coleman was going to the bus stop, return to check the apartment house, and go to his sister’s house at 5891 Washington. Mr. Coleman left Bennie, continued as planned, locked and checked the basement door, and went to his sister’s home. He returned later at the request of investigating officers and saw that the door had been pried open. He also saw that parts of the copper plumbing had been broken and piled on the basement floor. The officers had defendant in their custody.
Officer Gerald Harrell was on duty January 20, 1971, with a partner, Robert Duf-fin. Around noon they were advised of a prowler in the apartment at 5791 Westminster. Officer Harrell went to the rear of the premises; Officer Duffin guarded the front. Officer Harrell found the basement door open. “There were numerous pry marks up and down the facing to the door, and the hasp — the hinge part of it * * * behind the lock, that goes through to screw the door, was torn from the door itself.” Officer Harrell observed defendant “about the middle of the basement twisting to pull off pipe.” Other copper pipe was piled on the floor. Copper has a cash value at any salvage yard. Defendant told the officer he was the manager of the building and lived in apartment 2E; however he later learned that Francis Coleman was the manager and that he lived in apartment 2E. He then arrested defendant and called Mr, Coleman at his sister’s house. When arrested, defendant had a screwdriver in his rear pocket.
Officer Duffin corroborated the testimony of Officer Harrell.
In his own behalf, Bennie Parker testified that he had been to 5791 Westminster fifteen to twenty times to help Mr. Coleman clean apartments and remove trash; that he was never paid for such chores but did them out of friendship; that he helped carry trash on the date in question; that he left shortly after 9:00 a. m.; that he returned around 11:30 a. m., knocked on Mr. Coleman’s door, received no answer, went to the basement, saw the door open and water or steam escaping from broken pipes. He had been in the basement about five minutes when he saw the policeman, Officer Harrell. He denied having a screwdriver on his person and denied twisting the copper pipe. The officer arrested him when he was found to have misstated his position and occupancy of apartment 2E.
Upon this evidence the court found “that on January 20, 1971, at 12:01 p. m. Officer Harrell, responding to a radio assignment, arrived at 5791 Westminster Place, such address being the property of Pension Fund of Christian Churches Disciples of Christ, in the care and custody of Mound City Realty Company. Harrell went to the *6 rear of the building and there saw that the lock on the rear door to the basement had been broken and the door forced open. Harrell entered the basement and there saw the defendant, Bennie Parker, pulling on copper pipe, breaking the pipe from the ceiling. Defendant Bennie Parker had piled sections of pipe on the floor about four feet from where he stood, and he exercised control and dominion over said pipe.
“Witness Riggins, manager of Mound City Realty Company, testified that defendant Bennie Parker did not have permission to be in the building.
“Witness Coleman, building manager at 5791 Westminster Place, testified that he had secured the building at 9:00 a. m. that morning and had not given permission to Parker to enter the building or to take the pipe. * * *
“The Court finds, beyond a reasonable doubt, that on January 20, 1971 Bennie Parker did break and enter into 5791 Westminster Place, such being the property of Pension Fund of Christian Churches Disciples of Christ in the City of St. Louis, with the intent to steal therefrom a quantity of copper pipe, removed by him from the basement ceiling of said address. Therefore, Defendant Bennie Parker is guilty, beyond a reasonable doubt, of the offense of Burglary Second Degree.”
After consideration of defendant’s motion for new trial, the court granted allocution to defendant and “sentenced, ordered and adjudged * * * that the said defendant Bennie Parker, having been found guilty as aforesaid under an Amended Information against him,” be committed for a period of six years.
The foregoing made a submissi-ble case of burglary, second degree, by breaking into a dwelling house with intent to commit a felony under Section 560.045, RSMo 1969, as charged in the amended information. The building in question contained seven apartments, one of which was occupied by the resident manager. An apartment is a “dwelling house” within the meaning of Section 560.045, supra. State v. Augur, 434 S.W.2d 1, 5 [8] (Mo.1968). A basement utilities’ room, included under the same roof, though without internal communication, is a part of the dwelling house within Section 560.065, RSMo 1969, declaring that no building shall be deemed a dwelling house, or any part of a dwelling house, unless the same be joined to, or immediately connected therewith. State v. Hutchinson, 111 Mo. 257, 20 S.W. 34 (1892).
Appellant complains also that the finding and judgment of the court is fatally erroneous “in that it is ambiguous and not responsive to the charge in the amended information.” He argues that it is impossible to determine under which statute defining burglary, second degree, he was convicted.
As demonstrated, the State made a submissible case of burglary, second degree, of a dwelling house as charged by the amended information under Section 560.045, supra; the court made a general finding that defendant was guilty of burglary, second degree, and the judgment recited that defendant had been found guilty under the amended information. Such findings and judgment were sufficient to show defendant’s conviction of burglary, second degree, of a dwelling under Section 560.045, supra, by virtue of Rule 26.01(c), V.A.M.R., which provides: “In a case tried without a jury the court shall make a general finding and may in addition, in his discretion, find the facts specially. * * * All fact issues upon which no specific findings are made shall be deemed found in accordance with the result reached.” See also State v. Blackwell, 459 S.W.2d 268, 272 (Mo.Banc 1970). In no event could Bennie Parker be prosecuted again by another indictment or information for the same offense, i. e., the January 20, 1971, burglary in the second degree of the dwelling house at 5791 Westminster Place belonging to the Pension
*7 Fund of the Christian Churches, etc., as charged in the amended information.
Judgment affirmed.
WELBORN, C., concurs.
PER CURIAM:
The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.
All of the Judges concur.