STATE OF MISSOURI, Respondent, *v.* CORNELIUS McCUE AND PATRICK COIN, Appellants.

*Criminal Practice — Indictment — Counts — Verdict.*—Where the defendant is convicted of a lesser degree of the offence charged in a count which embraces different degrees of the same offence, the verdict must specify such lesser degree; but the verdict need not specify under which count of the indictment the defendant is found guilty where there is no misjoinder of counts, and there is one good count upon which judgment may be rendered.

*Appeal from St. Louis Criminal Court.*

*Ledergerber, Bowman & Colcord,* and *Smith,* for appellants.

The verdict is insufficient in law to support the judgment in this, that whereas different and distinct crimes, differing in their degrees of punishment, are set forth in the different and distinct counts of said indictment, yet the jury do not specify upon which count in said indictment they find the defendants guilty; and their verdict does not state that the defendants are guilty of any crime whatsoever.

*Vastine,* for respondent.

HOLMES, Judge, delivered the opinion of the court.

The defendants were indicted together with Edward Murphy for the crime of robbery, and were tried separately from the other defendant. There were three counts in the indictment; one for robbery in the first degree, one for grand larceny, and another for receiving the stolen goods; and the transanction was one and the same. The jury found the defendants "guilty of robbery in the first degree." A motion in arrest of judgment, for the reasons (among others which it is not deemed necessary to notice) that the verdict did not show on which count the defendants were found guilty, and that the first and third counts were insufficient in law, was made and overruled.

State v. McCue et al.

The first count contained every essential element of the offence charged, alleged with sufficient certainty. The objection is founded on a mere omission of the proper punctuation, or of the word "and," between the words "put" and "money," to separate the two sentences. We think the language is sufficiently clear and express without any punctuation, though a better style of pleading might have been employed. This objection to the indictment cannot be sustained. It is sufficiently ascertained by the verdict under which count the defendants were found guilty.

Where the defendant is convicted of a lesser degree of the offence charged, under a count which embraces different degrees of the same offence, the statute requires that the verdict shall specify such lesser degree of the offence; but we are not aware of any statute provision that requires the verdict to specify under which count of the indictment the defendant is found guilty where there is no misjoinder of counts, and where there is any good count upon which a judgment may be rendered. In all such cases the jury is at liberty to find a general verdict of guilty on the whole charge; or the verdict may be partial, as upon one or more counts of the indictment, finding the defendant guilty upon one and acquitting him on the rest—2 Bish. Cr. Pro. § 832. And where the jury find a verdict of guilty upon one count, and are silent as to the rest, the verdict will sustain a judgment upon the count concerning which it is distinct; and it may be presumed, in such case, that the prisoner was acquitted upon the rest of the charge—Ib. § 837. Here the defendants are clearly convicted on the first count, and we think the judgment should be sustained.

Exception was also taken to the overruling of the motion for a new trial.

The evidence was amply sufficient to warrant the verdict, and we have not found any error in giving or refusing instructions. One reason for the motion was, that the defendants were surprised by the testimony of the principal witness. The affidavit filed in support of the motion did not

show any sufficient reason for granting a new trial.   There is nothing in this exception.

The judgment will be affirmed.   The other judges concur.