THE STATE v. TURNER, Appellant.

Division Two, February 21, 1899.

1. Forged Check: HAVING IN POSSESSION: INTENT TO PASS: INDICTMENT. Under Revised Statutes 1889, section 3635 (providing that every person having possession of any forged check, with intent to utter, pass or sell the same as true, shall, on conviction, be adjudged guilty of forgery), an indictment alleging that defendant unlawfully had in his possession a certain false, forged, and counterfeit check purporting to be made and drawn on parties named, with intent to utter, pass, or sell the check as true to persons named, defendant well knowing such check to be false, forged and fraudulent, is sufficient.

2. ———: ———: INDICTMENT: NOT NECESSARY TO NAME PERSON. Under Revised Statutes 1889, section 3983, an indictment is sufficient where it merely alleges generally an intent to defraud, without naming any particular person.

*Appeal from Jackson Criminal Court.*—HON. D. W. SHACKLEFORD, Special Judge.

AFFIRMED.

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant Attorney-General, for the State.

An examination of the authorities regarding the sufficiency of the count in the indictment upon which the defendant was convicted will disclose nothing irregular or illegal. It is in due form and has been frequently approved by this court. State v. Myers, 82 Mo. 562; State v. Wammack, 70 Mo. 410; State v. Ward, 74 Mo. 253; State v. Riley, 100 Mo. 494; State v. Smith, 80 Mo. 516; State v. Nelson, 101 Mo. 477; State v. Bibb, 69 Mo. 286; State v. Warren, 104 Mo. 432; State v. Harl, 137 Mo. 253; State v. Allen, 116 Mo. 548.

SHERWOOD, J.—No bill of exceptions in this case, and defendant convicted under the second count of the indictment and his punishment assessed at five years in the penitentiary.

The second count referred to, is the following:

"And the grand jurors aforesaid, upon their oaths aforesaid, do further say and present that R. B. Turner, at the county of Jackson and State of Missouri, on the 23rd day of December, 1895, unlawfully and feloniously did have in his possession and custody a certain false, forged and counterfeit check purporting to be made by the Hudson-Kimberly Publishing Company, a corporation duly incorporated and existing under and by virtue of the laws of the State of Missouri, and purporting to be drawn on the First National Bank of Kansas City, Missouri, a banking corporation duly organized according to the laws of the United States, which said false,

forged and counterfeited check is of the tenor following, that is to say:

'Kansas City, Mo., December 23, 1895. No. 681.

'First National Bank of Kansas City, Mo.

'Pay to......S. M. Thompson..........or order, $8.20.

........Eight and 20-100 ....................dollars.

'Hudson-Kimberly Publishing Co.

'E. H.'

"With felonious intent to utter, pass, sell and exchange the said false, forged and counterfeit check as true, to Marcus Lazare and L. Schroeder, with felonious intent to defraud them, the said Marcus Lazare and L. Schroeder, parties doing business under the name and style of Lazare & Schroeder, parties as aforesaid; he, the said R. B. Turner, then and there, well knowing the said check to be false, forged and counterfeit, against the peace and dignity of the State."

This indictment is bottomed on section 3635, Revised Statutes 1889, and conforms to that section and is also in accordance with the ruling of this court in State v. Allen, 116 Mo. 548.

Yet it was not necessary that the indictment should specify there was an intent to cheat or defraud any particular person, because the general allegation that there was an intent to cheat or defraud would have been sufficient. [Section 3983, Revised Statutes 1889.]

Judgment affirmed. All concur.