## THE STATE v. JAKE BURNS, Appellant.

### Division Two, February 23, 1915.

1. **INFORMATION: Burglary and Larceny In Same Count.** Under the provisions of Sec. 4528, R. S. 1909, a charge of both larceny and burglary may be joined in the same count, when the larceny is committed at the time of the burglary and in the building burglariously entered.

2. **BURGLARY AND LARCENY: Acquitted of One.** A defendant may be convicted of larceny and acquitted of burglary by the verdict; and where the jury finds him guilty of larceny, and further finds that the larceny was burglariously committed, he cannot complain because they did not also find him guilty of burglary.

3. ————: ————: **Verdict.** A verdict which finds defendant "guilty of larceny, and that the larceny was burglariously committed" is not one unknown to the laws of this State; but is definite and certain in its terms, and forever bars a further prosecution for either the larceny or burglary.

263Mo38

4. **LARCENY: Recent Possession: Cow Peas: Instruction.** Evi-dence that defendant and his coindictee agreed to sell cow peas to Ford, and upon reaching an agreement as to the price told Ford the peas were in defendant's barn and to go to the barn and get them, and Ford subsequently did so, and they were later identified by three witnesses as the cow peas that had been stolen from the storehouse of the prosecuting witness, is sufficient to authorize a proper instruction as to the presump-tion of guilt arising from the recent possession of stolen prop-erty.

Appeal from Lawrence Circuit Court.—*Hon. Carr Mc-Natt*, Judge.

AFFIRMED.

*Parker Potter* for appellant.

*John T. Barker*, Attorney-General, and *S. P. How-ell* for the State.

FARIS, P. J.—Defendant, convicted in the cir-cuit court of Lawrence county of larceny perpetrated in connection with a burglarious breaking and entry of a building, and sentenced to the penitentiary for a term of two years, after futile motions for a new trial and in arrest, appeals.

The information charged both burglary and lar-ceny in a single count, and since this information is urged as insufficient, we append it below, omitting for-mal parts, caption and signature, which were conven-tional. It reads as follows:

"John R. Miller, prosecuting attorney within and for Lawrence county, Missouri, acting herein under his oath of office and upon information and belief, in-forms the court that at the county of Lawrence and State of Missouri on or about the —— day of April, A. D. 1913, Jake Burns and George Vandergrift, into a certain building and outhouse of C. W. Wilder there situate and being, feloniously and burglariously, for-cibly did break and enter, with intent then and there,

and thereby feloniously and burglariously to steal, take and carry away certain personal property in the said building and outhouse, then and there kept and deposited, and in said building and outhouse five and one-half bushels of cow peas all of the value of thirteen dollars and seventy-five cents, the personal property of the said C. W. Wilder and Charles Welch in the said building and outhouse then and there being found, then and there feloniously and burglariously did steal, take and carry away, with the intent then and there to deprive the owner of the use thereof and to convert the same to their own use; against the peace and dignity of the State.''

The defendant was found guilty of the larceny charged only; no specific finding as to the crime of burglary being made by the jury. Since a set attack is made upon this verdict, we set it forth below, omitting the signature of the foreman and the caption, thus:

''We, the jury, find the defendant guilty of larceny and that the larceny was burglariously committed, and assess his punishment at imprisonment in the penitentiary for a term of two years.''

The evidence tends to show that there were stored in a building belonging to one C. W. Wilder, some twenty-three or twenty-four bushels of cow peas belonging to said Wilder and one Charles Welch, his tenant. The theft of some five and a half bushels of these peas, worth about $13.75, was discovered by Welch about the first of June, 1913, at which time an outer and inner door to the building in which the peas were stored, showed unmistakable physical signs of having been broken and entered. The peas were theretofore last seen by Welch about April 20, 1913, at which time they had not been disturbed and the doors of the building were closed and nailed.

The evidence further discloses that in April, 1913, the defendant and Vandergrift, his co-indictee (to

whom we may say in passing, a severance was granted) sold about five and one-half bushels of cow peas to one Roland Ford. These peas were taken by Ford from the barn of defendant. It does not appear that defendant was present when Ford got the peas, but he was present when the sale of them to Ford was made and assisted in bargaining them to Ford and told Ford where the peas were. When Ford went to defendant's barn for the peas, he found only two sacks of peas there, though four sacks had been sold to him. He complained of this to Vandergrift, upon which he was told to go to the barn on the following Friday and the remainder of the four sacks would be there. He did go on Friday, but found only one more sack of peas there. This he took. The remainder of the peas were never gotten by Ford, nor were they ever fully paid for by him.

Several incriminating statements were made by defendant, tending with the other facts in the case to indicate his guilt. The peas found in defendant's barn at the place he had told Ford they were, and to which place he had told Ford to come for them, were identified by some three witnesses as the peas of Wilder and Welch.

The court gave, among other instructions, the following:

"The defendant is charged in the information with burglary and larceny. You may find the defendant guilty of both offenses, or you may acquit him of both offenses, or you may find him guilty of either of the offenses and acquit him of the other, according as you find and believe from the evidence the facts in the case to be."

If any other facts are deemed necessary to an understanding of the case, we will set them out in the opinion in connection with the points discussed.

Defendant complains: (a) of the insufficiency of the information to properly charge larceny; (b) of the instruction of the court that defendant could be acquitted of the burglarly and found guily of larceny alone; (c) that the conviction of defendant is for a crime "unknown to either the common or statutory law of this State," and (d) that there was no proof of defendant's possession of the peas, and therefore it was error to instruct (as the court did) upon the presumptions of guilt arising from the recent possession of stolen property. Let us examine these contentions.

I. The information is good under the provisions of section 4528, which permits a charge both of burglary and larceny, when the larceny is **Information.** committed at the time of the burglary and in the building burglariously entered, to be joined in the same count of the information. The information here is practically, and in all essentials an exact copy of one held good in State v. Moss, 216 Mo. l. c. 438. It conforms to the statute; to the analogous charges in burglary and larceny when separately charged, and when charged in different counts. [Secs. 4520, 4528, 4535, R. S. 1909; Kelley's Crim. Law and Prac. 609.] It follows that we should, and we do, disallow this contention.

II. We note next the contention that it was error to permit defendant to be convicted of larceny and acquitted (as the facts and the form of the **Convicted of Larceny: Acquitted of Burglary.** verdict here have the effect of doing) of the burglary. Notwithstanding the lame logic of a verdict, which upon the facts such as are before us in the instant case, finds that defendant stole the cow peas by a burglarious entry of the building in which such peas were stored, and yet in effect acquits him of burglary, it is certainly a matter about which defendant may not complain. If he

had been convicted of both burglary and larceny, and his punishment fixed at the minimum sentence for both, he must needs have served four years instead of two; yet in such case under the precise contentions now here made by him, he would have no valid ground to complain. He is complaining then because the jury "tempered justice with mercyy." If this mercy was error, he is not in a position to complain of it, for he was the sole beneficiary of the error. Besides, the law is against him, for that this may be done by the jury in this sort of case is well-settled. [State v. Carpenter, 216 Mo. 442; State v. Woods, 137 Mo. 6; State v. Sprague, 149 Mo. 425.]

III. The point urged by defendant that the offense set out in the verdict of the jury is "unknown to the law of this State," is germane to that last above dealt with. This verdict reduced to its ultimate elements, finds defendant "guilty of larceny, and that the larceny was burglariously committed." Do the facts warrant the criticism of counsel? We think not.

**Verdict.**

Viewed in the light of the statute under which this prosecution was had (Sec. 4520, R. S. 1909), it is plain that any larceny is a felony, regardless of the value of the property stolen and of whether such value is greater or less than thirty dollars, when such larceny is committed in a place which is the subject of a burglarious entry and while in the act of perpetrating a burglary therein. [State v. McGuire, 193 Mo. 215.] This verdict may be somewhat inartificial and may not be, when weighed in the scale of the extreme niceties of the law, in all things exact; but is there, or can there be, any doubt as to what the jury in the case meant? It is not uncertain, or indefinite, or ambiguous, and he who runs may read, that by it the jury meant to find, and did find, that defendant after a burglarious entry

of the building, and while in said building pursuant to such burglarious entry, committed a larceny therein, of which larceny so burglariously committed, they say he is guilty. [Sec. 4520, supra; sec. 4525, supra.] The verdict is readily understood; it is so definite and certain that defendant can never again be prosecuted for either the larceny or the burglary charged in the information; for its effect is, as we say above, to find him not guilty of the burglary charged. It is responsive to, and in entire accord with, the charge in the information; with the facts shown by the proof, and with the instructions of the court (State v. Miller, 255 Mo. 223); futhermore, it forever precludes a second conviction for any offense growing out of the charge here, or upon the facts in evidence. To require more than this of any verdict would be too technical to be fair or sensible. We feel that we ought to disallow this contention.

IV.   The contention that the instruction of the court as to the presumption of guilt arising from the recent possession of stolen property, would **Instruction.**   be good if it were borne out by the facts.

It is the law, as learned counsel for defendant contends, that to justify this instruction there must be proof of exclusive possession in defendant. [State v. Drew, 179 Mo. 315.] Here the proof is that defendant and another agreed to sell the peas to Ford, and upon reaching an agreement as to the price, told Ford that the peas were in defendant's barn and that he (Ford) could go to the barn and get them, which Ford subsequently did. One charged with stealing a dollar or a pocket knife might reasonably contend that the possession thereof in order to raise the presumption referred to, should connote the presence of the article upon or near the person of the accused, but not so in the case of a horse, or a steam boat, or saw logs, or five

bushels of peas; especially when as here, there is ample proof of knowledge that the property was on defendant's premises. The point is not well taken.

Having gone over the whole record, and pretermitting the moral effect of the almost absolute identification of the stolen peas as being those of Wilder and Welch, upon the time-honored similitude, "as like as two peas," we find no error in it which has been saved properly for our review. It follows that it should be affirmed, which is accordingly ordered. *Walker* and *Brown, JJ.*, concur.