THE STATE v. ELIUD H. JETT, Appellant.—300 S. W. 752.

Division Two, December 12, 1927.

*North T. Gentry,* Attorney-General, and *H. O. Harrawood,* Special Assistant Attorney-General, for respondent.

DAVIS, C.—There was filed in the Circuit Court of Jackson County an indictment in two counts, the first charging defendant with forging a certain check, and the second charging him with having it in his possession on or about November 7, 1925, with intent to defraud and with selling and delivering same with intent to have it uttered and passed. The jury were silent with respect to the first count, but returned a verdict on the second count finding him guilty of uttering a forged instrument as charged, and fixing his punishment at four years' imprisonment in the penitentiary. An appeal was taken from the judgment entered thereon.

The testimony for the State warrants the finding that George Cope in October and November, 1925, was a general contractor residing in Kansas City. Defendant worked for him as a plasterer on a job at Independence, continuing the employment to about November 2, 1925, after working from two to three weeks. Cope paid defendant for his work in cash. At the time of discontinuing the employment, defendant solicited a loan of sixty-five dollars from Cope, which was refused. Thereafter, probably on November 2, 1925, but if not, then on November 7, 1925, defendant entered the store of one Julius Matlaw in Kansas City, who stated that he had many times before cashed for defendant checks ranging from fifty to eighty dollars, which were always found good, and presented a check which we think was dated November 2, 1925, Kansas City, Mo., drawn on Traders National Bank, payable to the order of E. H. Jett for $62.50 and signed "Geo. Cope." On the back thereof were the indorsements of E. H. Jett and Julius Matlaw, and the stamped indorsement of the City Bank of Kansas City, with which bank Matlaw made the deposit, showing the date "November 4, 1925." Defendant admitted presenting this check to Matlaw and indorsing it on the back, as well as receiving cash and a credit on his running account. The check

was refused clearance and returned to Matlaw with the notation, "No account." George Cope stated that he did not issue or execute the check and that the signature of the maker on it was not his signature. He further stated that he did not do business or have an account with the Traders National Bank, or know its location. Matlaw stated that the Traders National Bank in Kansas City is a banking corporation. He further stated that defendant's reputation for truth, veracity and as a law-abiding citizen was good. He had always found him honest and straight, and in cashing checks for him previously he had always found him to be all right and that is why he never questioned him.

The testimony for the defense tends to establish that defendant knew a negro man by the name of George Cope to whom he had advanced forty-five dollars for the purpose of buying materials for a job, with the understanding that upon the completion of the work defendant was to be returned forty-five dollars, together with one-half of the profits. George Cope, the negro, gave him the check he negotiated to Matlaw in payment of the forty-five dollars advanced for materials and one-half of the profits of the job. Defendant stated that he had seen the negro but once since the check was given him, to-wit, about November 9, 1925, although he had searched for him without success. Defendant testified that the negro George Cope stated that he lived at 1922 East Fourteenth Street. He further stated that he, the defendant, had worked at 2118 Tracy Avenue.

In rebuttal the State offered in evidence the testimony of a negro woman who stated that she owned the premises at 1922 East Fourteenth Street; that she ran a rooming house and that no negro by the name of George Cope ever lived there. Another witness for the State testified that defendant never worked at 2118 Tracy Avenue. Such other facts as are pertinent, if any, will be later noted.

I. The first assignment of error holds to the contention that the indictment is deficient, uncertain, faulty and bad. As it is rather lengthy, we think it unnecessary to set it forth. We are content with saying that it follows substantively and as nearly as may be State v. Turner, 148 Mo. 206, 49 S. W. 988, in which case an indictment involving the identical statute, to-wit, what is now Section 3430, Revised Statutes 1919, was held good. The only difference between the indictments here and there is that the indictment here charges the sale and delivery of the check, while there it charges the intent to pass and sell same. The indictment as written is sufficient.

II. It may be well to say that as the jury failed to return a verdict of any kind as to the first count, it is equivalent to an acquittal

thereon. Error is charged because the trial court refused to direct the jury to acquit defendant. Without the benefit of a brief by defendant, we are deprived of his theory of the assignment. The record contains evidence that defendant presented and negotiated a check to Matlaw, purporting to be drawn by George Cope on the Traders National Bank. Cope denied that he issued the check or signed it. The incorporation of the Traders National Bank was shown to comply with the provisions of Sections 3428 and 3430, Revised Statutes 1919. Upon the deposit of the check by Matlaw payment was refused and it was returned to him with a notation on a separate slip of paper, "No account." It is evident that the above related facts tended to show the check forged and counterfeited. The theory of the defense was not that George Cope, the contractor, signed the check, but that it was the check of George Cope, the negro. This negro was not accounted for as definitely by the defendant as the situation required. From the facts before it the jury were justified in finding that a negro by the name of George Cope did not exist and that he did not execute and deliver the check described in the indictment to defendant. Under these circumstances the jury may well have found that defendant negotiated the check to Matlaw, knowing it to be forged, with intent to injure and defraud. The trial court properly overruled the instructions offered by defendant to acquit.

III. Defendant complains that the trial court erred in refusing him a reasonable continuance to prepare his defense and in refusing to set aside the verdict, because he had a meritorious defense, which he ought to be permitted to present. There is nothing in the record showing a motion for a continuance. It may be that the trial court forced him to trial too hurriedly, but, if so, we are precluded from considering the question in the absence of a proper and competent motion for a continuance. There is nothing in the record to show that defendant had a meritorious defense which was not presented. If such he had, the facts concerning it and his inability to avail himself of it on the ensuing trial should have been preserved by a motion for a continuance, showing proper exceptions to its denial, all of which must have been preserved in a bill of exceptions.

IV. We have held that a general exception in the motion for a new trial, that evidence, competent or incompetent, relevant or irrelevant, material or immaterial, was admitted or rejected erroneously, was insufficient to meet the requirements of Section 4079, page 198, Laws 1925. [State v. Murrell, 289 S. W. 859.] We have also held that a general exception in the

motion that the court erred in giving or refusing to give a certain numbered instruction, did not permit us to consider the question of error. [State v. Standifer, 289 S. W. 856.] Therefore defendant's general exceptions in his motion for a new trial, that the court erred in admitting incompetent, irregular and illegal evidence and that the court erred in giving Instruction 7, failed to comply with the statute so as to permit the consideration of the questions.

V. Defendant complains of Instruction 2 given by the court. It is charged that a converse instruction should have been given. The defendant failed to request such an instruction, although the motion for a new trial complains of such failure. The instruction was a principal instruction purporting to cover the **Converse Instruction.** case, and, before they could convict the defendant, the jury were required to find as true every fact in the instruction. If they found such facts to be true, it was their duty under the instruction to convict the defendant. If they did not so find them, it was their duty to acquit him. Therefore the jury were by the charge instructed with respect to the essential features and the law of the case. A converse instruction would have told the jury nothing more than the defendant must be acquitted if they did not so find the facts. The instruction would have added nothing to the essential features or the law of the case not covered by the instruction given. The case of State v. Burrell, 298 Mo. 672, 252 S. W. 709, was written on the theory that the refusal to give an instruction on manslaughter, where justified, even though not requested, was error if called to the attention of the court in the motion for a new trial, for the issue of manslaughter was an essential feature and a part of the law of the case. A different situation obtains here, however, for the converse instruction, as we have held, does not involve the law of the case. [State v. Gurnee, 274 S. W. 58.]

. Defendant further complains that the instruction assumes the fact that the check was forged. A reading of the instruction convinces us that this point is not well taken, for it requires the jury to find as a fact that the check was falsely made, altered, forged and counterfeited.

VI. The defendant complains that the court erred in not permitting defendant to prove that he reimbursed Julius Matlaw to the extent of his civil liability to him as soon as he ascertained that the clearance of the check had been refused. The record in that regard shows relative to the direct examination of defendant the following: ''Q. What did you do then? A. Well, he asked me what did I want to do about the check. 'Well,' I says, 'there ain't but one thing that I

can do about it—make it good.' And I gave him an order.'' The State then objected, the court sustaining it with the statement, ''That does not relieve the party, even if it were all paid back, if a crime has been committed.'' The record shows that defendant duly excepted.

The only possible theory of the admission of the evidence was that it may have tended to show a lack of criminal intent upon the part of the defendant. We have been unable to find that exact question decided. However, it has been held on a forgery charge that it is not a defense that the accused actually reimbursed the party injured. [26 C. J. p. 958, par. 115, and cases cited.] Whether under any circumstances on an indictment for uttering a forged instrument the defendant may develop that he afterwards reimbursed the injured party to show a lack of intent or a lack of knowledge that the instrument was forged, we need not here decide, for defendant did not follow up the sustaining of the objection by making an offer of proof to the effect that defendant actually reimbursed Matlaw. The matter of error was not properly and competently raised.

Finding no error in the record the judgment is affirmed. *Higbee* and *Henwood, CC.*, concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.