THE STATE v. CHARLES BARBOUR, Appellant.—151 S. W. (2d) 1105.

Division Two, June 10, 1941.

*Elliot M. Dampf* for appellant.

*Roy McKittrick*, Attorney General, and *Ernest Hubbell*, Assistant Attorney General, for respondent.

COOLEY, C.—In the Circuit Court of Morgan County the defendant was convicted of grand larceny, sentenced to two years' imprisonment in the penitentiary and has appealed. In his brief here he assigns error in the admission in evidence of certain statements in the nature of confessions to the officers who had him in custody and questions the sufficiency of the evidence. The motion for new trial is not before us and we have no means of knowing what it contained or what complaints of error on the part of the court were therein preserved and presented to the court. The transcript of the record certified to us contains notations of record showing only that a motion for new trial was filed and that it was overruled before allocution and judgment, but the motion is not set out nor referred to in the bill of exceptions, nor are the instructions and the court's rulings thereon set out or referred to, except the peremptory instruction, in the nature of a demurrer to the evidence, offered by defendant at the close of the evidence, which was by the court overruled.

Defendant was charged by indictment, in one count, with burglary and larceny in that he feloniously and burglariously broke into

and entered the barn of Ralph Imler, wherein "divers goods, hay, feed, oats and other property of Ralph Imler was stored and kept" and feloniously stole, took and carried away ten bushels of oats of the value of four dollars, the property of Ralph Imler, found in said barn. There may be a question whether the indictment sufficiently charges burglary, because it does not allege that the breaking and entering of the barn were done with intent to steal or commit a crime therein, unless the charge that the breaking and entering were done feloniously and *burglariously* in effect sufficiently charges the intent— see State v. Taylor, 136 Mo. 66, 37 S. W. 907, State v. Gentry, 329 Mo. 282, 291, 44 S. W. (2d) 27—but since, in our opinion, the judgment must be reversed and the cause remanded for another reason we need not consider the question of the sufficiency of the indictment to charge burglary. It does sufficiently charge larceny. Whether the larceny committed, if any, was grand or petit larceny in the circumstances of this case will be discussed later.

The jury returned the following verdict:

"We, the jury, find the defendant guilty of grand larceny and assess his punishment to 2 years in the penitentiary.

"M. D. Marriott, Foreman."

The State's evidence tended to show the following: On a Saturday night in the latter part of May or early part of June, 1939, some person entered Ralph Imler's granary (so called in the evidence, though called barn in the indictment) and stole therefrom ten or twelve bushels of oats (according to Imler's estimate). Entrance appears to have been effected through a small window, the door being padlocked. Imler testified the window was held in place by being "temporarily tacked, a couple of little buttons just temporarily stuck in" and that it would have taken "mighty little" force to have got into the granary. That was all of the evidence on the issue of burglary, which may account for the jury's failure to find defendant guilty of that crime. As to the larceny the evidence was that the next morning (Sunday) the sheriff was called and he and his deputy went to Imler's place. They found indications of an automobile having stopped at the driveway leading into Imler's premises, and some scattered oats, as though spilled, at that point and between that point and the granary. They traced the tracks, which they described, of an automobile from that place to defendant's residence, and described the tires on defendant's automobile. Briefly, their testimony indicated that the tracks were such as would have been made by defendant's automobile. Some grains of oats were found on the running board of defendant's car.

Imler and defendant were brothers-in-law and Imler did not file complaint against defendant. Later the grand jury indicted him and he was arrested. The sheriff and his deputy testified that while defendant was in their custody and arrangements were being made

for bond defendant admitted to them, after first denying it, that he had taken Imler's oats. There was no evidence as to the value of the oats alleged to have been stolen.

Defendant, testifying for himself, denied having stolen the oats, denied having made the admissions testified to by the officers, and explained his possession of oats found in his granary by saying he had bought them from a neighbor.

Without further detailing the evidence it is sufficient to say that in our opinion it made a case for the jury on the issue of larceny.

■■ The verdict and judgment are parts of the record proper and must be examined by us, whether mentioned in the motion for new trial or not. [State v. Meadows, 331 Mo. 533, 55 S. W. (2d) 959.] The verdict finding defendant guilty of grand larceny and making no reference to burglary is tantamount to an acquittal on the burglary charge. [State v. Whitton, 68 Mo. 91, 95-6; State v. Hays, 78 Mo. 600, 609; State v. Patterson, 116 Mo. 505, 511, 22 S. W. 696; State v. Hays (Mo.), 252 S. W. 380 (burglary and larceny, finding of guilty of burglary, no finding as to larceny, held an acquittal on charge of larceny); State v. Meyer (Mo. App.), 221 S. W. 775; State v. McCue, 39 Mo. 112; State v. Socwell, 318 Mo. 742, 300 S. W. 680, 683 [5-6]; State v. Jett, 318 Mo. 672, 300 S. W. 752, 754 [2, 3].]

In the cases cited above on this point, except State v. Hays, 252 S. W. 380, there were two or more counts in the indictment or information and in each there was a verdict of guilty on one count, making no finding on the other count or counts, which was held equivalent to acquittal on such other count or counts. The fact that in the instant case there was but one count, charging burglary and larceny, can make no difference in the application of the principle. Though by statute, Sec. 4448, R. S. 1939, Mo. Stat. Ann., sec. 4056, p. 2854, burglary and larceny, when the larceny is committed in connection with the burglary, may be prosecuted in the same count or in separate counts of the same indictment, they are distinct offenses. [See State v. Meadows, supra.]

■ In State v. Jenkins (Mo.), 246 S. W. 911, the defendant was charged with burglary and larceny. This court in its opinion said the defendant "was found guilty of grand larceny only (not of burglary) and sentenced to the penitentiary for a term of two years." The court further said that "The State offered no evidence as to the value of the goods alleged to have been stolen" and that as there was no evidence of the value of the stolen goods the conviction could not stand. The judgment was reversed and the cause remanded. We have a similar situation in the case at bar except that in the Jenkins case the information charged the value of the stolen goods to be $800 while here the indictment charges that the value of the stolen oats was $4. In this case, as in the Jenkins case, there was no evidence of the value.

In State v. Enochs, 339 Mo. 953, 98 S. W. (2d) 685, the defendant

was charged with burglary and larceny, the building alleged to have been broken into being a gasoline filling station and the property alleged to have been stolen being some prestone and cup grease and a wrecking bar, all of the total alleged value of $31.25. The jury found the defendant guilty of grand larceny but not guilty of burglary. The trial court had failed to instruct on petit larceny and had given no instruction on grand larceny requiring the jury to find that the value of the stolen property was $30 or more. This court held that under the evidence the jury might have found the value to be less than $30 and that the trial court had erred in failing to instruct on petit larceny. In discussing the applicable law this court said, 98 S. W. (2d) 1. c. 688:

"Where a larceny is committed in connection with a burglary, it is a felony regardless of the value of the property taken, Section 4056, R. S. Mo. 1929, Mo. Stat. Ann., sec. 4056, p. 2854. But where there is no burglary or the defendant is acquitted of that charge, and the larceny is of property of the kind here involved, from a building of the character shown by this record, the evidence must disclose that the property was worth $30 or more to make out a case of grand larceny, Section 4064, R. S. Mo. 1929, Mo. Stat. Ann., sec. 4064, p. 2865; otherwise it is petit larceny, Section 4077, R. S. Mo. 1929, Mo. Stat. Ann., sec. 4077, p. 2879."

That under a charge of burglary and larceny, if the defendant is acquitted of the burglary and convicted of larceny, the character of the larceny of which he may be convicted depends upon the value of the property stolen, see also: State v. Nicholas, 222 Mo. 425, 121 S. W. 12; State v. Brinkley, 146 Mo. 37, 47 S. W. 793; State v. Barker, 64 Mo. 282.

We have not overlooked State v. Burns, 263 Mo. 593, 173 S. W. 1070, cited by the learned Assistant Attorney General. In that case the defendant was charged with burglary and larceny. The jury returned this verdict: "We, the jury, find the defendant guilty of larceny *and that the larceny was burglariously committed,* and assess his punishment at imprisonment in the penitentiary for a term of two years." (Italics ours.) The value of the stolen property was less than $30. This court, while holding that the verdict was in effect an acquittal of the defendant on the burglary charge, nevertheless affirmed the judgment, apparently on the theory that any larceny, regardless of the value of the property stolen, is a felony when committed "in a place which is the subject of a burglarious entry and while in the act of perpetrating a burglary therein," and that the verdict, though it "may be somewhat inartificial and may not be, when weighed in the scale of the extreme niceties of the law, in all things exact," yet clearly showed that the jury "meant to find, and did find, that defendant after a burglarious entry of the building, and while in said building pursuant to such burglarious entry, com-

mitted a larceny therein, of which larceny so burglariously committed, they say he is guilty.'' The court, in its opinion, spoke of the ''lame logic'' of a verdict which, upon the facts in the record, found that the defendant stole the property ''by a burglarious entry of the building'' in which the property was stored ''and yet in effect acquits him of the burglary,'' but said that was something of which the defendant could not complain since if he had been convicted of both burglary and larceny his punishment would have been greater. The court made no mention of prior decisions holding that in a burglary and larceny case if the jury acquits the defendant of burglary, as our decisions hold is within its province to do, then the grade of the larceny—whether grand or petit—depends upon the value of the property stolen.

The writer hereof confesses his inability to see the logic of the conclusion reached in State v. Burns, supra. The opinion says the verdict ''in effect acquits him (the defendant) of burglary,'' and yet sustains a sentence of two years' imprisonment as for grand larceny for an offense which could only be grand larceny if committed in connection with a burglary. Suppose the jury had specifically found the defendant not guilty of burglary, as indubitably was within its province to do, could the court then have upheld the sentence of two years' imprisonment on the ground that the verdict showed such to be the intention of the jury? And could the jury legally have assessed such punishment, it being far in excess of the maximum for petit larceny? And if, as we have frequently held, where there are two or more offenses charged in one indictment and trial had thereon, and the jury finds the accused guilty on one charge and its verdict is silent as to the others, such verdict is in effect an acquittal on the other counts or charges, then what is the difference in legal effect between such ''acquittal'' and an acquittal specifically stated in the verdict? Both ''amount'' to an acquittal. Both are ''in effect'' an acquittal.

But perhaps the above criticisms of the decision in State v. Burns are somewhat *obiter*. If that decision is correct under the unusually worded verdict there in consideration it is distinguishable from the case at bar. Here we have no such language in the verdict as that we italicized in quoting the verdict in the Burns case. We have simply a finding of grand larceny. We think it clear that under the authorities we have cited that verdict and the judgment based thereon cannot stand. The judgment is reversed and the cause is remanded. *Westhues, C.,* concurs; *Bohling, C.,* concurs in result, being of opinion the result in State v. Burns, supra, may be sustained under the wording of Sec. 4448, R. S. 1939.

PER CURIAM:—The foregoing opinion by Cooley, C., is adopted as the opinion of the court. All the judges concur.