STATE of Missouri, Respondent,

v.

Robert Ronald WILLIS, Appellant.

No. 47291.

Supreme Court of Missouri,

Division No. 1.

Nov. 9, 1959.

Vincent S. Moody, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Hugh P. Williamson, Asst. Atty. Gen., for respondent.

WESTHUES, Judge.

Defendant Robert Ronald Willis was charged with burglary in the second degree and stealing. The information further

charged that Willis had previously been convicted of three felonies and had been discharged from the Missouri State Penitentiary. On a trial, a jury found Willis guilty of stealing and not guilty of burglary. The jury found that Willis had previously been convicted and assessed his punishment at imprisonment in the State Penitentiary for a term of ten years. An appeal was taken from the sentence imposed.

■ At the trial, defendant offered no evidence. He has not filed a brief in this court. We have examined the motion for a new trial for assignments of error. In one of these, defendant complained that the evidence was not sufficient to sustain a verdict of guilty. We find this assignment without merit. The State offered evidence that on the night of June 14, 1958, a store building wherein Robert Stock and Paul Hammond operated a floral shop situated at 3824 Lindell Boulevard, St. Louis, Missouri, was burglarized by the breaking of the plate glass of the front door and a basement window. Approximately twenty various articles were taken. On the day following, which was Sunday, police officers in response to a call went to 4059 Westminster where defendant occupied an apartment. The police found a suitcase which contained most of the articles taken from the floral shop. Defendant made no explanation of how he came to be in possession of the goods. Robert Stock testified that the articles were worth more than $50. The above facts are sufficient to sustain a verdict of guilty of burglary as well as stealing. The jury, however, found defendant not guilty of burglary. Defendant contended that if the articles stolen were worth less than $50, the punishment of ten years' imprisonment was not justified. Whether the stolen goods were worth $50 was a question for the jury. The evidence justified a finding that the value of the stolen goods was in excess of $50. The trial court, by instruction No. 6, advised the jury that in case it was found that the value of the stolen articles was less than

$50, a lesser punishment should be assessed. The point is ruled against the defendant.

■ Defendant, in a number of assignments, complained that the instructions of the court and the forms of verdict submitted to the jury permitted a conviction of stealing even though the jury acquitted defendant of burglary. Burglary and stealing may be joined in one information. Such a procedure is authorized by Sec. 560.110 RSMo Cum.Supp.1957, V.A.M.S. In such a prosecution, a defendant may be convicted of either or both offenses or he may be acquitted of either or both. In case a defendant is found guilty of stealing and acquitted of burglary, the value of the goods stolen must be $50 or more before a punishment of ten years' imprisonment is justified. Sec. 560.161, subsection 1(2), RSMo Cum.Supp.1957, V.A.M.S. In the case before us, the State introduced such evidence. See State v. Barbour, 347 Mo. 1033, 151 S.W.2d 1105, loc. cit. 1107(2, 3), (4), (5).

■ In three assignments of error, defendant claimed that one of the articles stolen, a black marble clock valued at $25, was not the property of Robert Stock or Paul Hammond but was the property of Stock's mother. It was in evidence that this clock had been in the family for about 54 years and had been in the storeroom for many years. Such possession was sufficient to make the clock the property of the possessor in a prosecution for theft. 52 C.J.S. Larceny § 13b, p. 811; State v. Nichols, Mo., 130 S.W.2d 485, loc. cit. 487(7, 8).

■ In assignment No. 11 of the motion for new trial, defendant stated, "That a new trial should be granted in this cause for the reason that the information filed in this cause alleges that the defendant had been convicted of three prior felonies, and that during the trial of said cause, the State only proved one prior felony, and that the jury thereby was unduly prejudiced against the defendant, and the verdict in this cause was a result of such bias

and prejudice." The information did allege that defendant had been convicted of three felonies. However, after objection by the defendant, the State was permitted to prove only one. Note what the record discloses to have occurred after the court sustained defendant's objection:

"Mr. Moody: Now Judge, in view of the Court's sustaining the objection to State's Exhibits 23 and 24 and the fact that those have been in the information alleged and the jury spoken to about them in the opening statement, I move for a mistrial on the grounds the evidence in those is before the jury and the defendant cannot receive a fair trial before this jury with that before the jury.

"The Court: I think the record and evidence will bear me out. There is no question in my mind but that it was done in good faith, because the judgment of convictions that the state rested upon was that he had been convicted for burglary and had been convicted of the crime of stealing in connection thereto and this was all carried forward and supported by commitment orders, and the doubt which we have simply arises in a portion of this sentence which was reduced to two years by order of the Cole County Circuit Court. I don't know by what means or method. We didn't have that particular record here. We feel it was done in good faith, and for that reason the objection will be overruled. Request for mistrial will be denied." We rule that the trial court's ruling must be sustained. If it was error, it was in favor of the defendant and against the State.

In one of the assignments, defendant contended that the prosecuting attorney in his "closing argument, referred to the fact that the State's evidence was 'uncontradicted,' which, in effect, was a comment by the State that the defendant had not testified in this cause, * * *." We have ruled similar contentions to be without merit in a number of cases. See State v. Hardy, 365 Mo. 107, 276 S.W.2d 90, loc. cit. 95(8, 9), and cases there cited. Also,

see State v. Murray, Mo., 280 S.W.2d 809, loc. cit. 811, 812(3-5).

We have examined the information and the verdict and find no error therein. The record shows a jury to have been selected and sworn to try the case. A motion for new trial was filed and overruled. Thereafter, the trial court passed sentence.

Finding no prejudicial error in the record, we hereby affirm the judgment.

All concur.