**STATE of Missouri, Respondent,**

**v.**

**Carl Eugene SUMMERS, Appellant.**

**No. KCD26251.**

Missouri Court of Appeals,
Kansas City District.

Nov. 5, 1973.

Robert G. Duncan, Gladstone, and William E. Shull, Jr., Kansas City, for appellant; Duncan and Russell, Gladstone, of counsel.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and PRITCHARD and SOMERVILLE, JJ.

PRITCHARD, Judge.

Appellant was indicted for the commission of the crime of burglary of a commercial building occupied by Standard Floor Covering, Inc., in North Kansas City, Missouri, and for stealing that company's property in connection therewith. The dispositive issue, by which this appeal may be rather summarily determined, involves the verdict of the jury: "We the jury, find the defendant guilty of stealing in conjunction with burglary and assess his punishment at 15 years. /s/ Howard L. Ford, Foreman", which was returned on April 5, 1972. On May 12, 1972, after appellant had filed his motion for new trial, the state filed its "Motion to Modify and Correct Verdict" purportedly under V.A.M.R. Rules 26.05 and 27.03, "for the reason that it is evident from the instructions of the Court, and particularly Instructions Number 3, 4, and 11, that it was the intention of the jury to find the defendant guilty of burglary and assess punishment at ten years and to find the defendant guilty of stealing in conjunction with burglary and assess his punishment at five years. Since the jury overlooked separating the punishment for burglary and stealing, it is the State's contention that before final judgment, the Court has the authority to correct the verdict to reflect the true intention of the jury." This motion was sustained and the verdict was corrected by the court to read, " 'We, the jury, find the defendant guilty of burglary and assess his punishment at 10 years' and 'We the jury, find the defendant guilty of stealing in conjunction with burglary and assess his punishment at 5 years'."

The court was not authorized under either Rule 26.05 or 27.03 to amend or correct this verdict. Rule 26.05 provides only that the court, at any stage of the proceeding may amend or supply "any pleading, writ, process, entry, return or other proceedings" and to "amend or supply any record in accordance with the fact" before final disposition of the case. It does not mention "verdict" as being

amendable or correctable. Rule 27.03 provides merely that where the jury fails to agree on punishment the court shall assess it and render judgment accordingly; or where the punishment assessed by the jury is not authorized by law, or upon confession, plea of guilty, or waiver of trial by jury, the court shall assess the punishment. The power of the court to amend or correct a verdict is limited to those cases where only slight changes in form to accord with the jury's conclusion actually reached are needed. State v. Dimmick, 331 Mo. 240, 53 S.W.2d 262, 266 [10, 11] (1932), and cases cited. If a verdict is found uncertain or insufficient the court should so state to the jury and require it to put it in proper form, or with its consent, to amend it in their presence. State v. Thost, 328 S.W. 2d 36, 40 [14] (Mo.1959). Of course, the latter procedure was not followed in this case, but the purported amendment was made after the jury was discharged. The jury did not find appellant guilty of burglary, a material issue which was submitted to it in the instructions. What the court did here was to add a verdict not found by the jury, which finding was within the sole province of the jury, including the assessment of punishment, if it found appellant guilty of burglary, of imprisonment of not less than two nor more than ten years. It is no answer, as the state contends, that the verdict (with a total punishment assessed at 15 years imprisonment—the maximum for both offenses) necessarily implied a finding of guilt of burglary in addition to stealing in conjunction with burglary, and that the court merely supplied a technical oversight. The instructions of the court required a finding on the omitted issue. State v. Meadows, 331 Mo. 533, 55 S.W.2d 959 (1932).

State v. Cline, 447 S.W.2d 538 (Banc Mo.1969), had in it a very similar situation with respect to the verdict actually returned by the jury. There, defendant was charged (as here) with the offenses of burglary and burglarious stealing. The jury returned a verdict finding defendant guilty only of " 'felonious and burglarious stealing as charged.' " The court held that the verdict was not responsive to the issues submitted in the instructions (burglary in the second degree *and* stealing in connection with burglary) "and was not a possible verdict under those instructions. The trial court should not have accepted the verdict. It did not dispose of all the issues in that it did not make a specific finding as to guilt of burglary. The court should have sent the jury back for the purpose of making an express finding on the charge of burglary or bringing in some verdict permissible under the instructions." The rationale of the Cline decision was gleaned from the there cited and quoted case of State v. Auger, 434 S.W.2d 1 (Mo. 1968), where defendant unsuccessfully contended that he was entitled to an instruction on stealing only where he was charged with burglary and stealing in conjunction with burglary. There could have been no independent stealing if defendant was guilty of burglary where the jury (as here) was told that a finding of guilt of burglary was a condition precedent to any finding of guilt of stealing. The Cline case, loc. cit. 447 S.W.2d 538, 543 [2–4], put it in like terms: "A finding of burglary by the jury is an indispensable prerequisite to a verdict of guilty for stealing in connection with the burglary." See also State v. Collins, 465 S.W.2d 576 (Mo.1971), and compare State v. Staten, 478 S.W.2d 265 (Mo.1972).

■ Appellant has suggested that he is entitled to be discharged because the original verdict of the jury found him, in effect, not guilty of both alleged offenses. The Cline case, in holding that such cases as State v. Barbour, 347 Mo. 1033, 151 S. W.2d 1105 (1941), and State v. Burns, 263 Mo. 593, 173 S.W. 1070 (1915), should no longer be followed, ruled that these could be no double jeopardy because there had been *no acquittal* of the burglary charge, and defendant was not entitled to be discharged upon the theory that it did. Appellant here, as in Cline, is subject to re-

trial on the consolidated charge of burglary and stealing incidental thereto.

The judgment is reversed and the case is remanded for new trial.

All concur.